[ PHILADELPHIA, MAY 2D, 1840. ]

## Exparte ELLIOTT.

A testator who died in England, seized of considerable real estate in Pennsylvania, made the following bequests. " I bequeath to my wife E. H. the sum of £1250 a year, payable out of my estate in Pennsylvania, in America, and after her decease to my only daughter M. A. H.: together with all and every property belonging to me wheresoever it exists; and for carrying my intention as above specified into execution, I do hereby nominate my wife E. H., H. A. J., &c. to be my executors for the purpose of paying the above annuity to my wife, and otherwise disposing and managing of my property in America, or elsewhere, as may appear to them most beneficial to the interest of my said wife and child." He then gave certain legacies; and the will concluded thus : " After the decease of my daughter, in case she does' not reach the age of 21 years, then I desire that my wife E. H. may enjoy the whole of my property during her natural life ; and if my said wife should marry again and have children, then my property to be at her disposal; but if she should decease without any children by a future husband, in such case my property to be equally one-half at the disposal of my wife, and the residue to be equally divided among the children of H. A. J." The executors H. A. J., &c. renounced, and letters testamentary were granted to E. H. the widow. By a private act of assembly, E. H. executrix, &c. was authorised by herself or attorney, to sell and convey the real estate of the testator within the city and county of Philadelphia, with a proviso that all rents reserved on such sales should be reserved payable to the said E. H. and her heirs in trust for the uses and purposes declared of and concerning his estate, in and by the last will of the testator. E. H. widow and executrix of the testator, by her attorney in fact, conveyed a lot of ground, reserving a ground-rent according to the provisions of the act, with a proviso that if the grantee of the lot should within a certain time pay to the said E. H. her heirs and assigns, for the uses and purposes declared of and concerning his estate, in the last will of the testator, a certain principal sum, &c., then the rent should cease, and the said E. H., her heirs or assigns, should and would execute a sufficient release, &c. After the making of this conveyance E. H. died, and administration de bonis non, &c. was granted to T. C. *Held*, 1. That the executors had power under the will to sell the real estate of the testator in Pennsylvania. 2d. That by a sale on ground-rent the power was exhausted in respect to the premises, and that the administrator de bonis

(Exparte Elliott.)

non could not, by virtue of the power in the will, sell or release the ground-rent. 3d. That the daughter of the testator being yet an infant, the Court had power under the act of 5th February, 1821, to make an order authorising and requiring her guardian to execute a sufficient release of the ground-rent, on payment of the sum stipulated in the deed.

THIS case came before the Court upon a petition presented by John Elliott under the act of the 5th of February, 1821, relating to the release and extinguishment of ground-rents.

. The petition set forth that Andrew Hamilton, sometime of the city of Philadelphia, died about the year 1825, in England, seized of an undivided part or share of a large tract of land called Bush-hill, adjoining the said city, and having made his last will in writing, as follows.

" I hereby certify the following document to be my last will and testament. To my beloved wife Eliza Hamilton, I bequeath the sum of twelve hundred and fifty pounds a year, payable out of my estates in Pennsylvania in America; and after her decease to my only daughter Mary Ann Hamilton, together with all and every property belonging to me wheresoever it exists; and for carrying my intention as above specified into execution, I hereby nominate my wife Eliza Hamilton, Henry Allen Johnson, of the city of Bath, Esquire, Edward Goldsmid, of Upper Harley street in the city of Westminster, Esquire, and Horace Binney, of the city of Philadelphia, in America, Esquire, to be my executrix and executors for the purpose of paying the above annuity to my wife, and otherwise disposing and managing of my property in America or elsewhere, as may appear to them most beneficial to the interest of my said wife and child. And I also nominate and appoint my wife Eliza Hamilton, Henry Allen Johnson, Esquire, and Edward Goldsmid, Esquire, as above stated, to be the guardians of my daughter. The plate in my possession, I bequeath to my wife for her use during her life, and afterwards go to my only daughter; all other personals to go to my wife Eliza Hamilton. To my nurse Elizabeth Patton, I bequeath the sum of nineteen pounds. After the decease of my daughter in case she does not reach the age of twenty-one years, then I desire that my wife Eliza Hamilton may enjoy the whole of my property during her natural life; and if my said wife should marry again and have children, then my property to be at her disposal; but if she should decease without any children by a future husband, in such case my property to be equally one half at the disposal of my wife, and the residue to be equally divided among the children of Henry Allen Johnson, Esquire, of the city of Bath," &c.

The said Henry Allen Johnson, Edward Goldsmid and Horace Binney, renounced the executorship by writing filed, &c.

(Exparte Elliott.)

By virtue of certain proceedings in partition, the lot and ground hereinafter mentioned was, *inter alia*, allotted to Mary Ann Hamilton, the infant child and devisee of the said Andrew Hamilton, and her heirs in severalty.

The said Eliza Hamilton, as widow and executrix, appointed Thomas Cadwalader, Esq. her attorney to sell and convey, with or without reserving a perpetual ground-rent, all or any part of the lands of the said Andrew Hamilton in the state of Pennsylvania.

By an act of assembly passed on the 31st of March, 1828, it was enacted, " That Eliza Hamilton, executrix of the last will of Andrew Hamilton, formerly of the city of Philadelphia, deceased, be, and she is hereby authorised and empowered by herself or by such attorney or attorneys in fact, as she has appointed or may appoint, to sell and convey in fee simple, either for cash or on credit, such part or parts of the real estate of the said Andrew, as may be situated in the city and county of Philadelphia, as she may deem expedient, which by his last will and testament, the executors are authorised to dispose of; and to convey the same in fee simple to the purchaser and his heirs: provided always, that except in such cases where the whole consideration shall be reserved in a rent charged upon the estate sold, it shall be the duty of the said Eliza, by herself or by her attorney in fact, to give bond with surety to be approved by the Orphans' Court of the proper county, conditioned for the application of the purchase-money according to the true intent of the said last will and testament: And provided also, that all rents reserved on the consideration of sales of the said estate shall be reserved payable to the said Eliza, and her heirs, in trust for the uses and purposes declared of and concerning his estate in and by the last will and testament of the said Andrew Hamilton."

By indenture of bargain and sale, dated the 22d of June, 1830, between the said Eliza Hamilton, widow and executrix, &c. by the said Thomas Cadwalader, Esq., her attorney, &c., and John Gilder, reciting the said will and act of assembly, the said Eliza Hamilton conveyed to the said John Gilder in fee a certain lot of ground, part of the said Bush-hill estate, reserving an annual ground-rent of twenty-five dollars and sixty cents to the said Eliza Hamilton, her heirs and assigns, " in trust for the uses and purposes declared of and concerning his estate in and by the last will and testament of the said Andrew Hamilton, deceased;" with a proviso that if the said John Gilder, his heirs and assigns, should within ten years from the date pay or cause to be paid to the said Eliza Hamilton, her heirs or assigns for the uses and purposes declared of and concerning her estate in and by the last will, &c. of the said Andrew Hamilton, deceased, the sum of four hundred and twenty-six dollars sixty-seven cents and the arrearages, then the same

(Exparte Elliott.)

should cease and be extinguished, and the said Eliza Hamilton, her heirs and assigns should and would execute a sufficient release, &c.

The said Eliza Hamilton intermarried with one John Gardner and died about the 12th of March, 1834.

The said Henry Allen Johnson, Edward Goldsmid and Horace Binney, afterwards again renounced; and administration *cum testamento annexo*, was granted to Thomas Cadwalader, Esq., on the 29th of September, 1835.

The said Edward Goldsmid renounced by deed the guardianship of the said Mary Ann Hamilton.

The petition then stated that the petitioner had by sundry mesne conveyances become the assignee of the lot; that the petitioner was informed and believed that the said Mary Ann Hamilton is still in her minority, and that he was advised that the said Thomas Cadwalader, administrator, &c. is not authorised by the said will or the act of 1828, to release or extinguish the ground-rent.

The petition prayed an order under the act of 1821, authorising and requiring the said Thomas Cadwalader or the said Henry Allen Johnson, or such other person as may be authorised for the time being to receive the said ground-rent, on payment being made, to execute a sufficient release according to the proviso in the said indenture, and the act of assembly in such case made, &c.

To this petition a demurrer was filed on the part of Thomas Cadwalader, on the ground that by virtue of the provisions in the will of Andrew Hamilton, and in the act of assembly of 1828, he, as administrator *de bonis non,* &c. was authorised to extinguish the ground-rent.

Mr. *Cadwalader,* in support of the demurrer, argued—

1st. That under the provisions in the will of Andrew Hamilton, his executors had a power of sale. 1 *Freeman,* 177. 1 *Mod.* 109. *Thomlinson* v. *Dighton,* (1 P. *Wms.* 149, 171.) 3 *Vesey,* 515. *Daniel* v. *Ubley,* (*Latch,* 135.) 10 *East,* 445. *Doe* v. *Thomas,* (3 *Ad. & Ellis,* 123; 30 *Eng. Com. Law Rep.* 48.) *Hoover* v. *Samaritan Society,* (4 *Wharton,* 452.) *Lancaster* v. *Dolan,* (1 *Rawle,* 248.) *Gordon* v. *Preston,* (1 *Watts,* 486.) 2 *Vesey,* 590. 1 *Atk.* 506. 1 *West,* 219. 1 *Atk.* 551. 1 *West,* 517. 1 *Peere Wms.* 415, 420. 2 *Vernon,* 310, 311. 1 *Ch. Cases,* 176. 2 *Ch. Cases,* 205. 20 *Pickering,* 25. 1 *Dow,* 102. 17 *Serg. & Rawle,* 15. *Prec. in Chanc.* 586-588. *Ambler,* 95. 1 *Vesey,* 42. 1 *Vernon,* 104. 19 *Vesey,* 527.

2d. That the power to sell on ground-rent, implied a power to sell and release or extinguish the ground-rent; and that this power might well be executed by the administrator *de bonis non,* &c. 1

(Exparte Elliott.)

*Burr. Rep.* 120. 1 *Bos. & Pul.* 196. *Ingersoll* v. *Sergeant*, (1 *Wharton's Rep.* 360.) *Franciscus* v. *Reigart*, (4 *Watts*, 116.) 2 *Salk.* 369. 2 *Lord Ray'd*, 873. 11 *East*, 377. 2 *Black. Com.* 346. 8 *Johns. Rep.* 546. *Whitelock's Case*, (8 *Co.* 71.)

Mr. *T. I. Wharton*, contra, referred to the acts of 31st March, 1792; 12th March, 1800; and 24th February, 1824; and cited *Moody* v. *Vandyke*, (4 *Binn.* 31.) 1 *Jarman's Powell*, 234, note. 2 *Sugden on Powers*, 512. *Read* v. *Sherer*, (2 *Sugden, Appx., p.* 649.)

The opinion of the Court was delivered by

GIBSON, C. J.—Originally, there seems to have been a doubt whether a testamentary power to raise portions from profits at an indefinite time, includes a power to sell; or whether the amount should be raised by gradual accumulation. But the existence of an ancillary power to sell for payment of legacies and debts, has never been questioned. Subsequently, when not restrained by particular expressions, the Courts have implied it in all cases without regard to the purpose; on the ground that a devise of profits is equivalent to a devise of the land; and such is the law at this day. Here however there is a direction to raise the widow's annuity, not out of profits at all, but out of the land itself; and even were there a distinction betwixt profits and the land, the power of the executrix to sell would still be a clear one. Deriving this power from the will, the administrator succeeds by force of the act of 1836, only to so much of it as remains to be executed; so that the question here, is whether it has not been exhausted.

We have but few reported cases on this head. It is an undoubted principle that execution of a power cannot be repeated; but it may be entered upon by parcels and at different times: yet all the parts, though existing separately, must make together no more than one entire execution. It cannot be said that the part of the power which regards the land out of which issues the ground-rent in question, was not intended to be executed to the utmost, though the residue of the power might be subsequently used to dispose of other lands. The disposition made of the property, was an ordinary sale or exchange for a ground-rent—a disposition entirely within the scope of the power, which was not barely to sell, but to dispose of the land in any way to raise the amount required—and the will certainly gave the executrix no power to sell a thing to be taken in exchange. The purpose was answered by the conveyance, and nothing more remained to be done. For the purpose of extinguishment, a power under the will was unnecessary; and the act belonged not to the executrix, but to the person in whom the estate in the rent was executed by the statute of uses. This is not like the case of a mortgage, which, in equity, is not an execution of a power to revoke, though it is so at law; because a mortgage, being looked on

by a chancellor, not as a conveyance further than is necessary to enforce it as a security, works no alteration in the condition of the title; nor is it like a conveyance to a trustee to pay debts, with an ultimate trust for the settlor : such acts are consistent with a reservation of so much of the estate as may be left, for a final execution of the power in respect of it.   In the case of the mortgage, the estate is not supposed to have passed out of the mortgagor at all ; and in that of the conveyance to pay debts, the trust is a resulting one, which changes not the character of the interest retained by means of it.   Here, however, every portion of the title was parted with ; and it is of no account that the ground-rent taken in exchange for it, has been substituted as its proper equivalent by a private act of assembly.   As the administrator succeeds to no power uncreated by the will, it is requisite that he have an authority by it independent of every thing else.   The legal estate in this ground-rent, is vested by the terms of the conveyance, in the testator's daughter, who is still in her minority ; and thus one of the cases provided for by the legislature has arisen.   We are therefore of opinion, that we have jurisdiction of it ; that the demurrer be overruled ; and that the prayer of the petitioner be granted.

Demurrer overruled.