# Mason *against* Wickersham.

A note given by one partner, after dissolution, for a debt of the firm, is not an extinguishment or satisfaction of the original debt, so as to discharge the other partner, unless such was the agreement when the note was given; and this is a fact for the determination of a jury.

ERROR to the District Court of *Allegheny* county.

Thomas Wickersham against Washington Mason and William Dilworth, lately trading in the name of Mason and Dilworth.

This was an action of *assumpsit* to recover the amount of a book account. The defendants, Mason & Dilworth, were partners doing business as carpenters, from July 1838 to the 21st of June 1839, during which time a considerable account was run up against the firm in the books of the plaintiff, and the balance at the time of the dissolution of partnership was admitted to be $170.70. By the arrangement between Mason and Dilworth, Mason was to settle up the concerns of the firm, and of this notice was given by an advertisement, which was permitted to be read, but no evidence was adduced to bring home a knowledge of the advertisement to the plaintiff. It was admitted that the plaintiff knew that the firm was dissolved on the 22d of June, and that on that day he opened a new account with Washington Mason alone, and continued to give him credit down to the 12th of August 1839, on which day he transferred the account of $170.70, due by the firm, to the several account of Washington Mason, and took his note

[Mason v. Wickersham.]

for the sum of $400, being nearly the amount of the two accounts. This note was regularly discounted in bank, and fell due on the 14th of December 1839, at which time the plaintiff having received the sum of $80, took the note of Washington Mason for the balance of $320, which remained unpaid, Washington Mason having in the mean time failed.

Shaler, President, instructed the jury that the acceptance of the note by the plaintiff was not *per se* a discharge of the original debt; nor would it be so unless such was the original intention and agreement of the parties, of which the testimony on the part of defendants did not afford sufficient evidence. But that the jury would be justified in allowing the credit of $80 paid upon the renewal of the note. Verdict accordingly.

*M'Candless,* for plaintiff in error, contended that the transfer of the account and acceptance of the note was a discharge of the partnership liability. The other partner may have allowed the assets to pass out of his hands, for it appears Mason was to settle the concern and pay the debts out of the partnership effects. 12 *Johns.* 409; 6 *Cow.* 297; 4 *Wash.* C. C. 271.

*Lowry, contra.* To create a discharge of the firm liability, there must be a payment or release. The cases cited are of a note expressly taken as payment, or the jury found that it was the intention of the party to take it in satisfaction. Here the court went further than the facts would justify in referring the matter to the jury there being no evidence at all of such intention. 5 *Eng.* C. L. 397; 11 *Eng.* C. L. 201; 5 *Whart.* 530; 15 *Serg. & Rawle* 162.

The opinion of the Court was delivered by

Huston, J.—It would seem the point brought up in this case ought to be considered settled. There was a time, it would seem, when the act done determined the legal effect of what was done, in all cases and under all circumstances. The world at large, and the courts have long since decided that the intention with which an act was done and accepted, the circumstances with which the doing it was attended, the consideration for doing it, are what give effect to it, and determine its legal force and character. On the point in issue, this was decided by this court in 15 *Serg. & Rawle* 162, and that it was error in the Judge to decide directly as the plaintiff in error insists ought to have been decided in this case. This point has been settled in the same way in 6 *Cranch* 264, and 12 *Johns.* 409, 410; and again by this court in *Davis* v. *Desauque,* (5 *Whart.* 530), and in many other cases. These, and the authorities cited in them, fully support the course of the court who tried this cause. And the result seems to be, that although

a note given for a precedent debt is not necessarily or generally an extinguishment of such precedent debt, yet if agreed and accepted so to be, it shall be what it was agreed and accepted for. A promissory note may be received in satisfaction of a bond, or even of a judgment. And the intention with which it was *given* and *accepted* is a matter of fact for a jury; who may find from direct testimony or deduce their conclusion from circumstances.

Judgment affirmed.