Gilmore, J.
If the bank had brought an action, on the notes mentioned in the agreed statement of facts, against the firm of Conn, Helbling & Co., or if the plaintiffs, claiming to be subrogated to the rights of the bank under the notes, had brought an action against the Gardners thereon, it may be conceded that in neither case would the latter have been liable on the notes; for it sufficiently appears in the agreed statement, that the notes were executed after the dissolution of the partnership, without the knowledge or consent of the Gardners.
After dissolution, a co-partner is not authorized, in the absence of authority, to use the name of the firm in creating new contracts or liabilities. 8 Esp. 108; Lockwood v. Comstock, 4 McLean, 383; Palmer v. Dodge, 4 Ohio St. 21. It is on this doctrine that the Gardners claim that the firm debt was paid by the new notes, as to the shares of Manning and Mooney, and that they are discharged from liability in reference thereto.
But the bank is not suing, nor do the plaintiffs bring their action upon the notes. They sue for a settlement of the partnership. The gist of their special claim against the Gardners is, in substance, that they have paid $1,351.33 of the firm indebtedness, and ask that the Gardners may be adjudged to pay to the plaintiffs their proportionate share thereof, and for equitable relief.
The Gardners admit the payments and their liability to contribute as claimed, except as to the aggregate amount of the notes mentioned.
Assuming that the agreed statement inferentially, but sufficiently, shows that the notes of Manning and Mooney, signed in the firm name as surety, in the absence of and without the consent of the Gardners, were received by the bank in payment, of their share of the firm debt, we must then look to the agreed statement to ascertain the purpose and intention of the partners present in giving, and the *193 bank in receiving, the notes, in order to determine the effect of the transaction (1) as between the co-partnership and the bank, and (2) as between the partners executing the notes without authority and the non-consenting partners.
Eirst. We think the agreed statement clearly shows that Conn, Ilelbling, and Henry intended to bind the firm as surety for the amount of the notes, and that the bank supposed the firm was so bound when it accepted the notes as-payment pro tanto of the firm debt.
But inasmuch as the parties were mistaken as to the-legal effect of the transaction, the bank, as between it and the firm, was not bound by the acceptance of the notes. It did not get what the makers intended to give, nor what it supposed it was getting in payment, and, hence, the-notes did not operate as a payment or extinguishment of the firm debt, which still continued to subsist in its favor against all the members of the firm.
In Davis v. Desaque, 5 Whar. 529, it is said: “ Where-the separate note of one partner is taken by a creditor-holding the note of the firm, it is a question of intention whether this amounts to an extinguishment of the joint-debt.” See, also, Perrin v. Kane, 19 Maine, 355 ; Mason v. Wickersham, 4 Watts & Serg. 100.
Second. On principle it must follow that, when Conn,. Helbling, and Henry made payment to the bank, they paid a subsisting firm debt, and that, as between themselves- and the Gardners, the latter must make contribution.
On the facts agreed upon there is no error in the judgment of the district court.

Judgment affirmed.