## Biddle's Estate.

Argued January 16, 1939.   Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Warwick Potter Scott,* with him *High, Dettra & Swartz,* and *Ballard, Spahr, Andrews & Ingersoll,* for appellant, No. 64.

*Charles C. Townsend,* of *Townsend, Elliott & Munson,* with him *George F. Baer Appel,* for appellant, No. 49.

*Maurice Heckscher,* of *Duane, Morris & Heckscher,* with him *John E. Flynn,* for appellee.

Opinion by Mr. Justice Schaffer, March 22, 1939:

The question we have to meet is this: May a limited power of appointment, in a will, be exercised by the donee of the power, without direct reference in his will to the creating power, by a clause, which names as beneficiaries all the members of the permitted class and no one else?

W. Lyman Biddle died July 5, 1920, unmarried, survived by a brother, Henry W. Biddle, and two sisters, Anna S. Blair and Julia Biddle. By the ninth paragraph of his will, he created a trust for Mrs. Blair consisting of one-third of his residuary estate, providing that she should receive during her lifetime the income therefrom, and upon her death, which occurred July 14, 1937, one-half of the one-third should continue in trust for his other sister, Julia Biddle, who is still living, and the other half of the one-third should pass outright to his brother, Henry W. Biddle, if he survived Mrs. Blair, which he did not do, but if Henry should predecease her, that one-half of the one-third should go to Henry's issue, in such proportions as he might appoint by will, and, in default of such appointment, to Henry's issue, as if he had died intestate as the owner of the one-half.

Henry died July 2, 1923, three years after Lyman and fourteen years before his sister, Mrs. Blair. Henry's will was executed December 16, 1920, more than five months after Lyman's death.

Henry's will does not specifically refer to the limited power of appointment given him in the will of Lyman. But by paragraph six, in which he disposed of the residue, Henry provided that, during the lifetime of his only surviving daughter, Mildred L. Cadwalader, she should receive one-half of all the income, and the living children of his deceased daughter, Juliet DaCosta, should equally divide the other half, and that after the death of Mrs. Cadwalader, the income should be equally divided, per capita, among all his grandchildren during their respective lives, with remainder to their issue, and cross re-

mainders on failure of issue, the entire fund to remain in trust until the death of his last surviving grandchild living at his death, and then to be distributed absolutely to the then surviving issue of his two daughters per stirpes.

The Orphans' Court, notwithstanding the fact that the residuary clause was in favor of all the members of the class among whom Henry was entitled to appoint, held there was no valid exercise of the power of appointment, because Henry's will did not specifically refer thereto, and, in this connection, was of the opinion that *Lafferty's Est. (No. 1)*, 311 Pa. 455, 167 A. 44, was not a binding authority, that it did not announce a general rule, but was confined to the disposition of that particular estate. The court below was mistaken in this. In that case, we did intend to establish the general principle that a limited power of appointment may be exercised without direct reference to the creating power, by a clause which names all the members of the permitted class as beneficiaries. We can see no sound reason why the rule applicable to general powers, that a gift of the residue is an exercise of the power without reference to it, should not apply to limited powers, where the residue is given to all the members of the designated class among whom the power could be exercised.

Under the decision of the court below, one-half of the fund would go to Mrs. Cadwalader absolutely, and one-sixth absolutely to each of three children of Mrs. Da-Costa; under our ruling, Mrs. Cadwalader will receive one-half of the income for life, and the three children of Mrs. DaCosta will each receive one-sixth of the income; after the death of Mrs. Cadwalader, her daughter and the other three grandchildren of Henry will each receive one-fourth of the income, during their lives, with remainders as above set forth.

The decree of the court below is reversed, with directions to order distribution in accordance with this opinion. Costs to be paid out of the fund.