## Grubb's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

2

4

6

*Bevan A. Pennypacker*, of *Morgan, Lewis & Bockius*, and *Edward B. Hodge, Jr.*, of *Hepburn & Norris*, for exceptants.

*Charles B. Ermentrout* and *Thomas J. Snyder*, of *Zieber & Snyder*, contra.

KLEIN, J., June 8, 1939.—The two sets of exceptions filed in this case raise a single, narrow question of law. Does section 15(*b*) of the Wills Act of June 7, 1917, P. L. 403, prevent the lapse of a gift, made in the exercise of a special power of appointment, to a nephew of the donee of the power, who survived the donor but predeceased the donee, leaving issue surviving the donee, where the donee died without leaving issue?

Counsel for exceptants have been unable to direct our attention to any case in which this precise question has been previously passed upon in this State. They contend that, although the statute would have saved the gift from lapsing had the power of appointment been a general one, in the instant case, since the gift was made in the exercise of a special power of appointment, the act does not apply and the gift must lapse.

The issue of the deceased appointee being within the limited class, in whose favor the power could have been exercised, the learned auditing judge held that the gift did not lapse but is preserved for them. We think this decision is correct.

Although it is manifest that certain fundamental differences exist between a general testamentary power and a limited or special testamentary power, in our opinion, these differences in no way affect the problem before us for consideration. See Lyndall's Estate, 2 Dist. R. 476 (1893), and Lyon et al. v. Alexander, 304 Pa. 288 (1931).

In most respects there is no real difference in their legal attributes. Ordinarily, the donee of a general power

of appointment, like the donee of a special power, in the exercise of the power, disposes of the estate, not as his own but as the estate of the donor. The appointment in both cases is referred back to the will of the donor and construed as if incorporated in the latter's will. The appointees do not take through the donee. When his will, exercising the power, goes into effect, the property vests in them under and by virtue of the original will creating the power. See Hagen's Estate, 85 Pa. Superior Ct. 123 (1925), affirmed in 285 Pa. 326, Commonwealth v. Duffield, 12 Pa. 277 (1849), Commonwealth v. Williams' Execs., 13 Pa. 29 (1850), and Power's Estate, 2 D. & C. 461 (1922). See also Kates' Estate, 282 Pa. 417 (1925), in which a surviving spouse, who elected to take against the will of her deceased husband, was held not to be entitled to that part of the estate over which the deceased husband had a general power of appointment.

Likewise, in determining the question of the application of the rule against perpetuities, no distinction is made between general and special powers of appointment by will, and the remoteness of the estate created by the appointment must be measured from the time of the creation of the power. See Lawrence's Estate, 136 Pa. 354, 364 (1890).

The most recent decision emphasizing the similarity between these two classes of powers is Biddle's Estate, 333 Pa. 316 (1939), in which the Supreme Court held that a limited power of appointment in a will may be exercised by the donee of the power without direct reference in his will to the creating power, by a clause which names as beneficiaries all of the members of the permitted class and no one else. Mr. Justice Schaffer, speaking for a unanimous court, said, at page 318:

"We can see no sound reason why the rule applicable to general powers, that a gift of the residue is an exercise of the power without reference to it, should not apply to limited powers, where the residue is given to all the

members of the designated class among whom the power could be exercised."

Furthermore, the legislature, in line with the trend of these decisions, has made all powers of appointment, whether general or special, taxable for inheritance tax purposes, as to the estate of the donor, notwithstanding any blending of such property with the property of the donee: Act of May 16, 1929, P. L. 1795, sec. 1(d).

This court in Lyndall's Estate, supra, decided that a testamentary appointment, under a general power of appointment, is preserved under the provisions of the Act of May 6, 1844, P. L. 564, to the issue of an appointee who dies before testatrix, exactly as in the case of a lapsed legacy. In this case Judge Penrose said, at page 477:

"The hardship and mischief designed to be remedied by the acts preventing the lapse or failure of bequests or devises to children, brothers or sisters, or their issue, in case of death in the lifetime of the testator, are precisely the same whether the property is disposed of under a general power or by an ordinary will; and the acts, therefore, must be construed as applying to both cases alike in the absence of language excluding such construction."

In our opinion this language applies with equal force to the situation in the present case, in which the property passed by reason of the exercise of a special power of appointment, because the persons, for whose benefit the gift is preserved, are all within the class in whose favor the power could have been exercised. Of course, it is clear that if the issue of the deceased appointee were not included within this class then the statute could not be applied and the gift would lapse. But that question is not before us and need not be considered further.

Section 15(b) of the Wills Act, supra, is a substantial reënactment of section 2 of the Act of 1844, supra. We find nothing in this section which excludes the construction adopted by the auditing judge.

We need not elaborate further on the English decision discussed in the briefs, because the auditing judge has comprehensively pointed out the fundamental differences between our statute and the English lapsed legacy statute.

The exceptions are therefore dismissed and the adjudication confirmed absolutely.