## Goodell's Estate

14

Before Van Dusen, P. J., and Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

16

*Charles C. Townsend,* guardian ad litem, exceptant.
*Charles J. Biddle,* contra.

LADNER, J., April 6, 1945.—The principal question raised by the exceptions is whether a settlor, who has reserved in a deed of trust "the right to make any change in the limitations" therein "contained with respect to distribution of principal and income", exhausts this right by one amendment where the amending instrument contains no further reservation. We agree with the learned auditing judge that the two cases of our Supreme Court, viz, Slifer et al. v. Beates et al., 9 S. & R. 166 (1822), and Ex Parte Elliott, 5 Whart. 524 (1840), cited by exceptant's counsel, are not controlling for the reasons well expressed by him which need not be repeated or amplified. The question, therefore, is one of first impression. We agree also that the auditing judge has followed the better-reasoned authorities in adopting the rule that the right to modify or amend reserved in an inter vivos trust instrument may be repeatedly exercised as reserved, if there is no language in any part of the trust instrument which expressly or by necessary implication restricts the right to one exercise thereof.

All the authorities to the contrary are based on the old English case of Hele v. Bond, Prec. Ch. (1717) 474, 24 Eng. Rep. 213, which treated as a power of appointment the right to revoke and make a new apportionment of the uses in a deed of settlement, and held that once the power was exercised the power originally given was exhausted unless expressly reserved in the instrument of exercise. The introductory note of the A. L. I. Restatement of Property, vol. 3, ch. 25, p. 1808, points out that powers of appointment were primarily the outgrowth of efforts to circumvent the rule existing prior to 1540, that many of the most important types of interest in land could not be devised. Despite this rule, it became possible for an owner to achieve the practical equivalent of a devise by granting the property inter vivos upon uses to be appointed in his will; the exercise of the power by will was effective though a devise would have been void.

The editors of the Restatement further observe that this origin as a means for disposition of land accounts for the law of powers in England being encrusted with some of the medievalism which a too-sparing use of the legislative process allowed to remain in the English land law. As late as the beginning of the 20th century there was no such thing as an American law of powers of appointment; cases were few and opinions tended to reach conclusions upon an uncritical citation of English authorities. The observation concludes with the comment that this dearth of American authority makes it possible to adopt the benefits but avoid the anomalies of the English law when passing upon the increasing number of cases involving powers of appointments in trust instruments which have become popular in recent years because of tax advantages.

Hele v. Bond, supra, is meagerly reported, but Farwell in his work on Powers ( 3rd ed.) ch. 5, sec. 54, explains the logic of the decision as being but a general

illustration of the principle that a deed once executed cannot be revoked unless it reserves a power of revocation. Here we see the influence of the old English land law on the subject of powers. If, however, we consider or treat the reservation in the instant case as a mere right to alter or amend the instrument and not as a technical common-law power to revoke and appoint, all difficulty disappears. That, in effect, is the way the learned auditing judge treated it.

Excellent as are many of the old English cases on decedents' estate law, we have not hesitated to refuse to accept them as precedents in cases of powers where our laws and customs required a different rule. See, for example, Grubb's Estate, 36 D. & C. 1 (1939), where we held (contrary to the English cases) that our Wills Act prevents a lapse of a gift made in exercise of a *limited* power. And see Biddle's Estate, 333 Pa. 316 (1939), where our Supreme Court held a limited power may be exercised by the donee without direct reference in his will, by a residuary clause which names as beneficiaries all the members of a permitted class and no one else. So here we need not follow the ancient English rule of treating a right to amend or change a trust instrument as a technical power, nor the cases which have blindly accepted it without discussion of its reasoning or logic. As the learned auditing judge well said, "It can serve no good purpose today, to perpetuate archaic rules of law, slavishly, in situations not contemplated when the rules were formulated".

We hold, therefore, that the second amendment to the deed of trust is valid and since all the parties beneficially interested in the trust deed as amended are sui juris and join with the settlor in his petition to the auditing judge to terminate the trust, it follows the trust must be terminated under the modern controlling precedent of Bowers Trust Estate, 346 Pa. 85 (1943).

The exceptions are dismissed and the adjudication is now confirmed absolutely.