# Augustus S. Weber, Plff. in Err., *v.* Solomon Ueberroth et al.

A deed, in consideration of money paid by a married woman, of land in trust to permit her during her natural life to exercise all the rights of ownership, erect buildings, receive rents, etc., and immediately upon her death the land to be "exclusive of her said husband and descend and come to her children and grandchildren in such proportions as, by the laws of this commonwealth relating to intestate's estates, is provided, directed, and appointed," with power to the trustee to convey the whole or part to such persons and for such prices and estates as she shall by writing direct, gives her a fee; and upon a conveyance by the trustee in accordance with her directions her children have no interest in the proceeds.

(Argued February 1, 1888.	Decided March 19, 1888.)

January Term, 1888, No. 166, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Lehigh County to review a judgment on a verdict for the garnishees in an attachment execution. June term, 1887, No. 40. Affirmed.

At the trial before ALBRIGHT, P. J., the following facts appeared:

By deed dated November 14, 1853, Owen Mack and wife sold and conveyed to Jacob Geissinger, his heirs and assigns, a certain messuage, tenement, and tract of land, situate in Salisbury township, Lehigh county, for the consideration of $2,100, paid by Catharine Ueberroth, wife of Solomon Ueberroth, which deed was duly recorded.

The deed contained the following clause, to wit: "In trust nevertheless and upon the following conditions: that is to say, that the said Catharine Ueberroth shall and may during her natural life have and hold the peaceable, quiet, and uninterrupted possession and enjoy all the rights and privileges of ownership of the said hereinabove described and hereby conveyed and granted tract of land, with the appurtenances—and may, whenever she thinks proper and expedient, erect a house or houses and other buildings and improvements thereon, and to alter and repair the same, and to receive the rents, issues, and

---

NOTE.—For the execution of separate use trusts, see note to Chadwick v. McCombs, 4 Sad. Rep. 121. And of dry trusts, see note to Arnold v. Harper, 4 Sad. Rep. 126.

profits thereof, and that immediately upon the death of the said Catharine Ueberroth, the said premises, with the appurtenances, shall be exclusive of her said husband, and descend and come to her children and grandchildren in such proportions as, by the laws of this commonwealth relating to intestates' estates, is provided, directed, and appointed; provided, nevertheless, that if the said Catharine Ueberroth shall in her lifetime think it advantageous and be disposed to sell the said property, or any part thereof, that then the said Jacob Geissinger, his heirs, executors, administrators, or assigns, shall convey the same, or such parts thereof, to such person or persons, and for such price or prices, estate and estates, as she shall by writing under her hand direct."

Catharine Ueberroth, at the time of the making of said deed, was married to Solomon Ueberroth, who has since died. She had four children, three of whom are still living and are defendants in this case, to wit: Solomon Ueberroth, Matilda C. Ueberroth, and William R. Ueberroth; the other one of her children, George Ueberroth, is dead, leaving to survive him one son.

July 9, 1886, Augustus S. Weber, the plaintiff, obtained a judgment in the court of common pleas of Lehigh county, to No. 92, April term, 1886, for $4,511.12, against the said Solomon Ueberroth, Matilda C. Ueberroth, and William R. Ueberroth.

By deed, dated May 11, 1887, Jacob Geissinger, in pursuance of a written request and direction of Catharine Ueberroth, sold and conveyed said messuage, tenement and tract of land to Truman M. Dodson, for the sum of $3,785.30, which sum he then received and has still in his hands.

May 20, 1887, the said Augustus S. Weber issued an attachment execution on his said judgment out of the court of common pleas of Lehigh county, to No. 40, June term, 1887, with a clause of scire facias against the said Jacob Geissinger and Wm. E. Harlacher, attorney in fact of said Jacob Geissinger, as garnishees, which was served on said garnishees June 2, 1887.

The garnishees put in the plea of *nulla bona.* At the trial it was admitted that the said Jacob Geissinger, one of the garnishees, at the time of the service of said attachment, and at the time of the trial, still had in his hands the said sum of $3,785.30, the purchase money received for said messuage, tenement, and tract of land from the said Truman M. Dodson.

The garnishees submitted the following points:

1. Under all the evidence, the verdict in the above suit must be in favor of the garnishees and against the plaintiff.

. . *Ans.* Affirmed. [1]

2. Catharine Ueberroth having during her lifetime exercised the power of sale under the terms of deed of Mack and wife, to Jacob Geissinger, the proceeds of sale vested in her absolutely without any remainder; and the same is not attachable on the judgment of plaintiff against Solomon, Matilda, and William Ueberroth.

*Ans.* Affirmed. [2]

The court, after stating the facts, charged the jury as follows:

"The only question which then arises in this case is as to the meaning of the deed. The law is that the court must declare what a writing means. The court, in a proceeding in this case for judgment upon the answers to interrogatories, decided that question, and filed an opinion setting forth its reasons; the court came to the conclusion that after Catharine Ueberroth had requested Jacob Geissinger to make sale of the land (and in pursuance thereof he did make sale of it), any possible interest that her children might have had in the land ceased, and that they have no interest in the purchase money which is in Jacob Geissinger's hands, and consequently the plaintiff in this judgment can take nothing by his attachment; and the court also decided that the plaintiff was not entitled to judgment. The reasons for the court's decision, as stated before, are on record in this case. They are found in the opinion to which the court has made reference; and as all the facts have been agreed upon by counsel and are down upon the record taken by the stenographer, and inasmuch as the only question arising is a question which it is incumbent upon the court to decide, the court now rules that under the deed in evidence, the children of Catharine Ueberroth have no interest in the purchase money for the land, which is now in Jacob Geissinger's hands, and that therefore the plaintiff cannot recover in this issue. As to William Harlacher, there is no allegation that he has anything in hand, and therefore the court directs that the jury find a verdict in favor of the garnishees." [3]

By direction of the court [4] the verdict was for the garnishees, and judgment was entered thereon.

The assignments of error specified: (1, 2) The answers to the garnishees' points; (3) the portion of the charge quoted; and (4) the action of the court in directing a verdict for the garnishees.

*John Rupp* and *J. B. Deshler,* for plaintiff in error.—Catharine Ueberroth took only an estate for life in the lands in question. The rule of the common law is that in order to vest an estate in fee in a natural person, by deed of conveyance, the deed must contain an express limitation to such person and his heirs. The word "heirs" is absolutely necessary to create an estate in fee by deed and no substitution of words of perpetuity or any circumlocution of words can supply its place, and this whether the deed be strictly a common-law conveyance or under the statute of uses. 2 Bl. Com. 114; 4 Kent, Com. 5.

The word "heirs" cannot be supplied by "children" (Adams v. Ross, 30 N. J. L. 505, 82 Am. Dec. 237); nor by "executors, administrators, and assigns" (Clearwater v. Rose, 1 Blackf. 137; Buffum v. Hutchinson, 1 Allen, 58); nor will words which show an intention on the part of the grantor that the estate shall endure indefinitely enlarge a grant without the word "heirs" to more than a life estate (Foster v. Joice, 3 Wash. C. C. 498, Fed. Cas. No. 4,974).

The word "heirs" must appear in the operative part of the deed or grant; and an estate less than a fee cannot be enlarged thereto by words in the covenants or in the warranty. Adams v. Ross, 30 N. J. L. 505, 82 Am. Dec. 237; Sisson v. Donnelly, 36 N. J. L. 432.

These rules of the common law have been recognized and adopted in Pennsylvania since 1785, when Vanhorn v. Harrison, 1 Dall. 137, 1 L. ed. 70, 1 Am. Dec. 229, was decided, where it was held that the rule applied where the deed operated as a covenant to stand seised to uses, because by virtue of the statute of uses (27 Hen. VIII. chap. 10) the uses are now transferred into possession and therefore must be governed by the rules of possession at common law.

Without the word "heirs" in a present conveyance nothing but a life estate passes. Gray v. Packer, 4 Watts & S. 17.

In Pennsylvania, without the word "heirs" in a deed of conveyance, no greater estate than one for life can be created. Mattocks v. Brown, 103 Pa. 16.

Legal terms used in a deed must be understood in their legal sense. Auman v. Auman, 21 Pa. 343; Ellmaker v. Ellmaker, 4 Watts, 89.

In a deed the word "heirs" is a term of art, and is the apt and proper word to create an estate in fee; and its place cannot be supplied by any substitution of words. Hileman v. Bouslaugh, 13 Pa. 344, 53 Am. Dec. 474.

The words "child, children, issue," in a deed, are necessarily words of purchase and ordinarily so in a will. Melsheimer v. Gross, 58 Pa. 412.

Adams v. Ross, 30 N. J. L. 505, 82 Am. Dec. 237, rules the case at bar. It was there held that a conveyance by deed of bargain and sale to A during the period of her natural life and after her death to her children, begotten of her present husband, vested in A only a life estate, although the deed contained a clause of general warranty to A, her heirs and assigns.

It is true that in the construction of wills the words "child, children or issue" may be used in the sense of heirs or heirs of the body, and thus stand as words of limitation; and on the other hand "heirs" may be used in the sense of children as a word of purchase. Yet, while this is true, the words "child, children" and similar terms primarily are words of purchase and not of limitation; and the presumption always is that such words are used in their ordinary and common legal acceptation, and he who asserts the contrary assumes the burden of proving from the four corners of the will that such words were clearly intended to be used as words of limitation, and not in their ordinary legal sense; and this intention must clearly appear in the instrument without conjecture, hesitation, or doubt. Chew's Appeal, 37 Pa. 23; Guthrie's Appeal, 37 Pa. 9; Yarnall's Appeal, 70 Pa. 335; Haldeman v. Haldeman, 40 Pa. 29; Walker v. Milligan, 45 Pa. 178.

Nothing appears in the deed in question to show that it was the clear intention of the grantors to use the words "children" and "grandchildren" in the sense of "heirs" or heirs of the body and thus as words of limitation.

When the land was sold the purchase money was substituted in the place of the land, and has to be held for the same purposes and upon the same uses and trusts as the land was held. The defendants have a vested interest in the undivided three fourths of said purchase money, and that interest is bound by

the plaintiff's attachment execution. The purchase money is in the hands of Geissinger, the trustee, who is bound to hold it for the same purposes he held the land. Three fourths of this belongs to the defendants presently; they are the present absolute owners thereof, although it be not payable to them until after the death of Catharine Ueberroth, the life tenant. It is, therefore, attachable. Fulweiler v. Hughes, 17 Pa. 440; Kieffer v. Ehler, 18 Pa. 388; Girard F. & M. Ins. Co. v. Field, 45 Pa. 129; Fessler v. Ellis, 40 Pa. 248.

The attachment binds that part of the fund which came into the garnishees' hands after the service of the writ of attachment. Sheetz v. Hobensack, 20 Pa. 412; Mahon v. Kunkle, 50 Pa. 216.

*Marcus C. L. Kline,* for defendants in error.—The only useful purpose visible to create a trust in the deed was the preservation of the land to the sole and exclusive use of Catharine Ueberroth during coverture, and should she die during coverture without having sold the same, to transmit the land to her "children and grandchildren in such proportions as, by the laws of this commonwealth relating to intestate estates, is provided, directed, and appointed." The trust was purely a passive one. The land not having been directed to be conveyed during coverture, Catharine Ueberroth might have conveyed the same without the aid and signature of the trustee, Jacob Geissinger, after the death of her husband. The trust ceased with discoverture.

When no other duty or power is assigned to the trustee except to convey at the instance of the *cestui que trust,* and the trustee has nothing to do with the enjoyment of the property, and is only an instrument to enable the *cestui que trust* to acquire the legal estate, a conveyance by the trustee is unnecessary. Bacon's Appeal, 57 Pa. 513.

Whenever the intention of the donor is to limit an estate to the heirs of the life tenant, no matter how his intent is expressed, an estate of inheritance will vest in the life tenant; but when he intends his bounty to vest in certain persons, although they may be the same as his heirs at law, the life estate will not be enlarged, and a power of appointment, whether general or special, will not change the rule. Dodson v. Ball, 60 Pa. 493, 100 Am. Dec. 586.

Whenever the word "children" is used to designate the per-

sons who are to receive the estate from their immediate ancestor, it is a word of limitation; but where it is made the terminus or stock from which a new succession springs, there it is a word of purchase. Robinson v. Robinson, 1 Burr. 38; Hileman v. Bouslaugh, 13 Pa. 351, 53 Am. Dec. 474; Roe ex dem. Thong v. Bedford, 4 Maule & S. 363; 2 Bos. & P. 485.

The object of all constructions is to ascertain the intent of the parties. Wager v. Wager, 1 Serg. & R. 374.

The intent of the grantor, when legal, is a governing principle in the construction of a deed. Means v. Presbyterian Church, 3 Watts & S. 303.

It was intended that should Catharine Ueberroth not sell the land during her lifetime, the heritable succession should be from the tenant for life. If that construction is consistent with the terms of the deed, which we believe it is, then an estate in fee was created.

The words "in such proportions as by the laws of this commonwealth relating to intestate estates is provided, directed, and appointed," so qualify the previous words "children and grandchildren" as to make them words of limitation and not of purchase. Mason v. Ammon, 117 Pa. 127, 11 Atl. 449.

Whenever in the devise of a remainder to the "child" or "children" of the first taker, it clearly appears that those words are used in the sense of "issue" or "heirs," they are to be treated as words of limitation describing lineal succession and not as words of purchase in their usual sense. Haldeman v. Haldeman, 40 Pa. 29; Yarnall's Appeal, 70 Pa. 335.

Any form of words, sufficient to show that the remainder is to go to those whom the law points out as the general or lineal heirs of the first taker, will enlarge the estate for life of the first taker to an estate of inheritance. Pott's Appeal, 30 Pa. 170; Price v. Taylor, 28 Pa. 95.

A passive trust cannot continue the legal estate in the trustee, except for a proper purpose, such as the law will protect. Upon discoverture the purpose failed and ceased to exist, and then the legal estate became executed in the cestui que trust, Catharine Ueberroth, by operation of law. Dodson v. Ball, 60 Pa. 496, 100 Am. Dec. 586.

Such an estate vests in a trustee as is required for the performance of the trust. Where land is given in trust without words of inheritance, and it is necessary for the fulfilment of

the purposes of the trust that the trustee shall have the legal estate in fee, a fee simple will be held to pass. 1 Sharswood & Budd, Am. Law of Real Prop.; North v. Philbrook, 34 Me. 532; Hawkins v. Chapman, 36 Md. 83; Welch v. Allen, 21 Wend. 147; 2 Washb. Real Prop. 3d ed. p. 459, § 186; Villiers v. Villiers, 2 Atk. 71; Fisher v. Fields, 10 Johns. 505; Gould v. Lamb, 11 Met. 87, 45 Am. Dec. 187; Trent v. Hanning, 7 East, 97; Cleveland v. Hallett, 6 Cush. 406; Stanley v. Colt, 5 Wall. 168, 18 L. ed. 510; Lewin, Tr. 2d ed. 234.

Where no words of inheritance are used in the deed creating the trust, and a power of sale is given to the trustee or *cestui que trust,* an estate in fee simple will pass. Angell v. Rosenbury, 12 Mich. 241; Neilson v. Lagow, 12 How. 98, 13 L. ed. 909.

And this even where the power of sale is to be exercised only on a contingency. North v. Philbrook, 34 Me. 532.

PER CURIAM:

A proper statement of the law governing this case being found in the charge of the court below, and in its answer to the garnishees' second point, nothing is left for us but to concur in the judgment.

Judgment affirmed.