## Perkins's Trust Estate.

Argued January 3, 1934. Before FRAZER, C. J., SIMPSON, MAXEY, DREW and LINN, JJ.

*Clarence L. Mitchell,* of *Kirchner, Mitchell & White,* for appellants.

*R. M. Remick,* of *Saul, Ewing, Remick & Saul,* with him *H. A. McCarthy,* of *Clark, Clark, McCarthy & Wagner,* for appellees.

PER CURIAM, January 30, 1934:

In 1910, Amy Denniston Perkins, by a deed of trust, transferred designated securities to the Trust Company of North America (succeeded by Pennsylvania Company

for Insurances on Lives, etc.) and Joseph S. Clark, in trust for her brother, Arthur Clark Denniston, the net income to be paid to him during his life (subject to spendthrift provisions) and at his death the principal to be distributed as he by will might appoint, or, in default of such appointment, to persons specified. Arthur Clark Denniston died January 31, 1932, leaving a will whereby he exercised the power of appointment given him in the deed just mentioned by giving the estate to the same trustees who had acted for him, in trust for his wife, Leal Mary Denniston, for her life, with direction to pay the income to her and such part of the principal, not in excess of $75,000, as she might request, and with power of appointment by will as to the remainder. In default of the exercise of this power, or in event of his wife's death before receiving the estate, the remaining trust estate was to go in fee to Ora L. Edmunds, William Morley Edmunds and Leal R. Edmunds, who, with Mrs. Denniston, are the appellants here.

During the lifetime of Arthur Clark Denniston he, from time to time, persuaded the trustees of the trust established for him by his sister to invest a portion of the trust funds in mortgages on real estate in which he had an active business or personal interest,—a camp for automobile tourists, a house built for his own use, and an apartment house. The investments were made by the trustees reluctantly, after the life tenant had agreed to and did make a will appointing his wife to take the estate at his death, and she had both urgently demanded and formally consented to investment of the trust fund in these properties. The business enterprises were unsuccessful, and a large part of the trust was consumed through the investments therein.

This action to surcharge the trustees with loss of the trust funds is brought after the death of Arthur Clark Denniston by his wife and the three persons named above as contingent remaindermen. We will not discuss in detail the investments involved. The auditing judge states

as to them: "There cannot be the slightest question that in an ordinary trust estate, with the rights of life tenant and remaindermen to be protected, investments as herein made would be absolutely indefensible," but "a life tenant with a general power of appointment has an estate tantamount to a fee," (see Lyon et al. v. Alexander, 304 Pa. 288, 291-2), and "if, in the circumstances, with full knowledge of the facts and of [his] rights, the life tenant was content, [his] appointees will not be heard to complain": Curran's Est., 312 Pa. 416, 424. The adjudication adds: "Since Arthur C. Denniston did not, and, in fact, could not have had the trustees surcharged in his lifetime, his appointee widow is accordingly now estopped from seeking such surcharge against the trustees. Likewise the contingent legatees under the will of Arthur C. Denniston......are in the same situation. These legatees owe their interest, not to the settlor, but to the life tenant through his power of absolute appointment. As he.....was estopped, so are those who claim through him." The opinion and decree of the court in banc disposing of the matter rightly says: "The principle involved in this case is well summed up by the auditing judge when he says that it is 'unfair and unjust to permit a person to induce the making of investments—however unwise—and then to permit him, or any person or persons claiming through or under him, to repudiate such investments and to benefit thereby.' "

The decree of the court below confirming the account of the trustees is affirmed at cost of the trust estate.