Sippy et al. *v.* Colter et al., Appellants.

2

Argued March 22, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Herbert A. Mook,* for appellants.

*F. Joseph Thomas,* for appellee.

Opinion by MR. JUSTICE PARKER, April 19, 1943:

Ada L. Sippy on June 23, 1937, conveyed two parcels of land to her son, Earl A. Colter, in trust for the sole and separate use of the settlor for the term of her natural life so that she would receive the rents, issues and profits thereof, with authority on the part of the trustee to manage the property and provide for the care and maintenance of settlor "and with power to the said Earl A. Colter to sell and convey in fee simple the whole or

any part of the aforesaid premises and appurtenances to any person or persons as the said Ada L. Sippy by writing under her hand and seal and duly acknowledged, at any time during her natural life, may appoint and direct." If the property was not sold during her natural life then the trustee was to convey it in fee simple to her heirs-at-law who might be living at the time of her decease.

On July 24, 1937, Mrs. Sippy, by writing signed, sealed and acknowledged and delivered to the trustee, directed him to convey one of the parcels so held to D. O. Marvin. On receipt of this notice the trustee declined to comply with Mrs. Sippy's order, assigning as a reason that she was attempting to give the land to Marvin without consideration. Thereupon Mrs. Sippy filed this bill in equity to compel Colter to comply with her order and to deliver a deed to D. O. Marvin for the parcel designated. An answer was filed in which the trustee claimed that he had discretionary power in the premises and declined to make a conveyance except for a full, valuable consideration. On December 15, 1937, Mrs. Sippy died and later her executor was substituted as plaintiff. The executrix of the estate of D. O. Marvin, who had died in the meantime, was permitted to intervene as a party plaintiff. The original defendant having died, his executrix and heirs-at-law were substituted.

The court below entered a final decree directing the real estate to be conveyed to the estate of D. O. Marvin, who has since died, and the defendants have appealed.

The appellants raise three questions of law. They contend (1) that the action abated on the death of Ada L. Sippy and that the bill should therefore be dismissed; (2) that the trustee, under the terms of the written instrument, had discretion in acting on the direction of the settlor and that he was under no obligation to convey the property except for a valuable consideration; and (3) that the gift was not completed by delivery of a deed from the trustee before the death of the settlor and was therefore an incompleted gift and void.

The main argument of appellants is based on the second contention and we will give that claim first consideration. Was there a discretion given the trustee in the execution of the trust so that he could refuse to convey the property designated by the settlor, particularly where it amounted to a gift? We are all of the opinion that when the settlor in exact accord with the terms of the trust deed directed the deed to be made the trustee was bound to make the conveyance. Appellants lay much stress on the contention that mandatory words were not used in describing the power of the trustee. When the entire deed is read the words in question have a clear meaning. If any ambiguity exists it is our duty to read the whole and every part of the deed and then so construe it as to give effect to its general purpose: 2 Williston on Contracts, §618 (3); *Lehigh etc. Coal Co. v. Wright,* 177 Pa. 387, 392, 35 A. 919. Such examination will confirm our construction. It discloses a clear intention to limit the duties of the trustee to the management of the properties conveyed and to give the income to Mrs. Sippy for her "support, care and maintenance". She was to receive the net "rent, issues and profits thereof". As to the title, he had no power to sell or convey except when so directed by the settlor in a specified manner or in the event that the settlor did not exercise her power of appointment in her lifetime then to convey the property to the "heirs-at-law of the first party, who may be living at the time of her decease in fee simple". The power of sale remained in the settlor.

The settlor reserved the entire beneficial interest in the property notwithstanding the provision for her heirs in the event she did not exercise her power of appointment. "A life tenant with a general power of appointment has an estate tantamount to a fee": *Perkins's Trust Est.,* 314 Pa. 49, 51, 170 A. 255.

If the trustee had sold this land for a valuable consideration the proceeds would have gone to the settlor. It was only in the event that she did not exercise her

power of appointment in her lifetime that the land was to go to her heirs: *Weber v. Ueberroth,* 10 Sadler 40, 13 A. 194. The grantor in the deed of trust having the power of sale and the full beneficial interest in the land, it follows that the matter of consideration was for the settlor and not for the trustee.

If it be suggested that we have been assuming that Mrs. Sippy had a general power of appointment the answer is to be found in *McFadden v. Drake,* 79 Pa. 473. There the real estate was conveyed to a trustee for the use and benefit of a married woman and at her death the real estate was to pass to the "heirs of the body" of the life tenant, "with power to the said George R. Wilson [trustee] to sell and convey in fee simple the whole or any part of the aforesaid premises and appurtenances to any person or persons, and for such sum or sums of money as said Lodiski McFadden, by writing under her hand and seal and duly acknowledged at any time, shall, during her natural life, direct and appoint." We there said: "He [the trustee] had, however, no discretion but was bound to make such sale and conveyance to any person or persons and for such sum or sums of money, as the wife, by writing under her hand and seal and duly acknowledged at any time during her natural life, should direct and appoint. . . . It follows that her appointee, the grantee in the deed, could have compelled, by a bill in equity, the trustee to convey to him the legal estate, and it follows also, that the defendants had a perfectly good equitable title, under which in Pennsylvania they could defend their possession." We deem it to be clear that in the case we are considering the trustee was bound by the order of the settlor in the deed of trust.

The appellants next contend that there was lacking an essential element of a good gift inter vivos as the gift had not been perfected by the delivery of the deed from the trustee to D. O. Marvin. We must reject this argument. The settlor in the deed of trust not only delivered the paper under seal and duly acknowledged exercising

the power of appointment but she pursued the matter by filing this bill. The delivery of her deed, exercising her power, completed the gift. The refusal of the trustee cannot be allowed to stand in the way of an assertion of the rights of Marvin. As was pointed out in *McFadden v. Drake,* supra, p. 475, the deed exercising the power remaining in Mrs. Sippy was a valid appointment. Her appointee was entitled by bill in equity to compel the trustee to convey to him the legal estate. He had a "perfectly good equitable title, under which in Pennsylvania" he could defend his possession.

In *Ries v. Ries's Est.,* 322 Pa. 211, 185 A. 288, an aged woman by a writing delivered to her daughter assigned to her all the money the mother had in a certain bank. The paper was not presented to the bank until eight days after the mother died. The delivery of the writing was held to be sufficient evidence to support a valid gift divesting the donor of all control over the funds. We further said in that connection (p. 218) : "A valid transfer may be made by assignment or other writing indicating a present intention to vest title in the donee: *Mardis v. Steen,* 293 Pa. 13; *Reap v. Wyoming Valley Trust Co.,* 300 Pa. 156." Our conclusion is in harmony with our previous decisions relating to gifts inter vivos.

What we have heretofore said is a sufficient answer to the first contention of the appellants that its original motion after the death of Mrs. Sippy to dismiss the bill on the ground that the cause of action did not survive her death, should have been granted. If the cause of action survived, the executor of Mrs. Sippy had the power to prosecute the bill after her death: §35 (f), Act of June 7, 1917, P. L. 447, as amended (20 PS 776). It was the right of Marvin to a transfer of the legal title to the premises for which he had an equitable title that was the primary basis of the issue and Mrs. Sippy sought to enforce that right as a donor. In her lifetime she sought, as donor, to secure performance by the trustee of a right which she had reserved in her deed of trust. Her death

did not terminate the right and her executors were empowered by statute to continue the assertion of that right in the same action. Not only so, but the representative of Marvin intervened in the same action. The right of action survived.

The decree of the court below is affirmed at the costs of the appellants and the record is remitted to the court below for such further action as may be necessary to vest the legal title in the person or persons entitled in right of D. O. Marvin.