## Harrier v. Harrier

*Richard H. Gilbert*, for complainant.
*Hicks, Jones & Newlin*, for respondent.

PATTERSON, P. J., May 7, 1947.—This case is an action in equity brought by Amos B. Harrier September 23, 1946, against Gertrude M. Harrier, his former wife, for the appointment of a trustee to sell a certain parcel of real estate in Tyrone Borough, Blair County, Pa., which had been acquired by the parties as tenants by entireties January 15, 1926. They were divorced July 17, 1939. Amos B. Harrier died October 13, 1946,

and his executors, Nancy H. Hall and Robert Harrier, were substituted as plaintiffs.

Both parties agree that the Act of May 13, 1925, P. L. 649, although repealed and substantially re-enacted by the Act of May 10, 1927, P. L. 884, controls this case. The issue now is whether plaintiff's executors succeeded to the right of plaintiff husband in the suit for division of property instituted during his lifetime.

Defendant contends that plaintiff is barred by reason of the fact that plaintiff died before final judgment was obtained, and argues that the personal representatives of plaintiff do not succeed to plaintiff's right; contending further that the cause of action is a purely personal right or privilege under the statute, which must be finally adjudicated during the lifetime of plaintiff. Defendant cites 1 R. C. L. 20; 2 Standard Pa. Practice 29; together with section 35 of the Fiduciaries Act of June 7, 1917, P. L. 447, which provides that executors or administrators shall become parties to any action in which decedent was party plaintiff or defendant "if the cause of action shall by law survive to or against them . . .". Defendant also cites Miller v. Umbehower, 10 S. & R. 31, which held that under the common law actions at law abated upon the death of the parties and could not be revived or continued even though the cause of action survived. Further, defendant cites the case of Upperman v. Upperman, 119 Pa. Superior Ct. 341, which holds that actions in divorce do not survive death of the parties. However, in that case the Superior Court held that where property rights were involved a right of action does survive insofar as the right to appeal is concerned. Likewise, the case of Ionian Bank v. Mamatos et al., 340 Pa. 52, which holds that in a foreign attachment death of defendant abates the action, but the court there held that death abated the action, for the reason that the process of foreign attachment is had

684

to secure appearance of defendant only. Defendant also cites the case of Standen v. Businessmen's B. & L. Association, 9 D. & C. 436, wherein the Court of Common Pleas of Philadelphia County held that upon the death of a divorced husband a survivor became entitled to the entire estate. However, in that case Judge Martin called attention to the fact that defendant, deceased husband, had not brought suit or elected to have the property partitioned, as provided by the act.

On the contrary, it is argued on behalf of plaintiff that his personal representatives are entitled to succeed to the cause of action, on the ground that under the Act of 1925, reënacted by the Act of 1927, the husband and wife became tenants in common for all practical purposes as far as the rents of the property were concerned, and under the Act of June 24, 1895, P. L. 237, 68 PS §101, either party has a right to recover from the other rental value of the property during exclusive occupancy, citing Mertz v. Mertz, 139 Pa. Superior Ct. 299; Stimson v. Stimson, 346 Pa. 68, in support thereof. Further, that pleas in abatement are not allowed in partition suits, citing Acts of April 7, 1807, P. L. 155, 12 PS §11; Holmes v. Fulton, etc., et al., 193 Pa. 270; Volkwein v. Volkwein, 332 Pa. 120.

Plaintiff also argues that this is an appropriate case for equity, citing Paul's Executors v. Paul, 36 Pa. 270; Sippy et al. v. Colter et al., 347 Pa. 1. The court is of the opinion, however, that the questions raised in this case must be determined under the provisions of the Act of 1927, P. L. 884. The title of the act reads:

"An Act modifying the common-law rule relating to property hereafter acquired by husband and wife as tenants by entireties, where such husband and wife as [sic] subsequently divorced; providing for the sale of property held by husband and wife as tenants by entireties where they have been divorced; and directing the distribution of the proceeds of such sale."

Section 1 provides:

"Be it enacted, &c., That whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, either of such tenants by entireties may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. The summons in such suit shall be served in the same manner and with like effect as in cases of partition at law."

Section 3 provides:

". . . the interest of each of the respective tenants by entireties, subsequent to said divorce, *shall be conclusively deemed to be one-half of the value of the property, and, to accomplish the provisions of this act, the common-law rule relating to entireties is hereby modified.*" (Italics supplied.)

It will be observed that section 1 of the act provides that either tenant by entirety must "bring suit" in order to set in motion the procedure of partition of the property acquired as tenants by entirety prior to the divorce. In pursuance of this act plaintiff, Amos B. Harrier, in strict accordance with the provisions thereof, did "bring suit in the court of common pleas" during his lifetime. In bringing suit plaintiff did all that he was required to do in compliance with the act in order to formally assert his right to partition. And while it was in the nature of a personal right, nevertheless it was such a personal right as involved a property right, because plaintiff, under the act, was "conclusively the owner of an undivided one-half interest herein": Act of 1927, sec. 3, P. L. 884. See also Heffelfinger v. Heffelfinger, 43 Dauphin 230. Bringing of the suit was analogous to a case of a demand by a widow in order to claim her exemption, and in such case it has been held by numerous authorities that her right to exemption survives to her personal representa-

tives. Likewise, in a case of a surviving spouse, who, under the Wills Act, is required to file a formal election to accept or refuse the provisions of a will, and in case of death of the one so electing, his or her right passes to the personal representative: Kerns' Estate, 120 Pa. 523.

Therefore, the court is of the opinion that Amos B. Harrier, having complied with the requirements of the act in bringing suit during his lifetime, his right to have the estate partitioned in accordance with the law survives to his personal representatives, and defendant's motion for dismissal of the suit is overruled.

### Decree

Now, May 7, 1947, defendant's motion for dismissal of the suit in the within matter is overruled, and the court hereby appoints Samuel L. Barr, of Tyrone, Pa., as trustee, for the purpose of selling and dividing the said real estate, in accordance with law.