## Miller Estate

240

*Paul C. Wagner,* for accountant.

*Louis Marion,* for Commonwealth.

KLEIN, P. J., May 16, 1962.—Hervey C. Miller died on March 29, 1900, leaving a will and codicils by which, inter alia, she devised and bequeathed one-fourth of her residuary estate to her executors in trust, after her granddaughters attained their respective majorities, to pay one-half of the income to each of her said granddaughters, Mary Rhett Miller, now Rhett Miller Megear, and Esther Miller, afterwards Batten, for their respective lives, and to pay over the corpus of the share of each such granddaughter, upon her death, as she might by will appoint, and in default of appointment to her lawful issue, and in default of appointment and issue, the share of each such granddaughter to be distributed under the intestate laws. A copy of the will and codicils, certified by counsel to be a true copy, is annexed hereto.

It appears from the statement of proposed distribution that Esther Miller, afterwards Esther Miller Batten, died intestate and without issue on April 23, 1949, whereupon by adjudication of Judge Hunter, dated November 17, 1949, one-half of the principal of the trust was awarded to her sister, Rhett Miller Megear, as her heir-at-law, and the other one-half of the principal, being the fund presently accounted for, was awarded back to the accountant in trust for the said

Rhett Miller Megear under the terms and provisions of the will and codicils.

The said Rhett Miller Megear is still living and the occasion of the filing of the present account is stated to be in order to enable her to petition the court for the termination of the present trust under the provisions of section 2 of the Estates Act of April 24, 1947, P. L. 100, as amended, on the grounds that the original purpose of the testatrix cannot be carried out and is impractical of fulfillment.

The present balance of principal shown by the account is carried at an account value of approximately $4,000, and is stated to have a present value slightly higher, the total income therefrom during 1961 having amounted to slightly less than $200. It also appeared from the record and statements of counsel at the audit that the present life tenant is over 70 years of age, has a general testamentary power of appointment over the remainder and that all of the parties in interest have had notice of her request for termination of the trust and have not objected thereto.

Testatrix, Hervey C. Miller, died over 60 years ago in 1900. No useful purpose can be served by continuing the grasp of her "dead hand" over this minuscule trust. Tremendous changes have taken place in our economy since 1900. One of the most significant has been the reduced purchasing power of the dollar resulting from the creeping inflation which has engulfed us. Paradoxically, while wages and prices of commodities, generally, have risen sharply over this period, the average earnings of trust estates have dropped. Moreover, as a result of the many new taxes which have been imposed and other forms of governmental intrusion into estates management, the problems of supervising and administering very small trusts have become increasingly vexatious and troublesome, both to the courts and to fiduciaries, As a consequence, the courts are striking down, whenever possible, these so-called nui-

sance trusts, where the corpus is so small that the benefits do not justify the trouble incident to their administration. See O'Neill Estate, 7 Fiduc. Rep. 451 (1957) ; Falkner Trust, 3 Fiduc. Rep. 495 (1953) ; Montana Estate, 81 D. & C. 99 (1952) ; Kelby Estate, 80 D. & C. 1 (1952) ; Exley Estate, 67 D. & C. 508 (1948). See also: Brown Trust, 7 Fiduc. Rep. 517 (1957). This is particularly true in cases such as this, where the income beneficiary also has a general testamentary power of appointment over the principal, as such estates have been held to be tantamount to a fee for most practical purposes. See Perkins' Trust Estate, 314 Pa. 49 (1934) ; Curran's Estate, 312 Pa. 416 (1933) ; Lyon v. Alexander, 304 Pa. 288 (1931).

Under the circumstances of the present case, the balance of principal being very small and the income produced therefrom almost negligible, we conclude that the purpose of the trust has failed and the prayer of the life tenant's petition to terminate the trust is granted. In reaching this conclusion, we refrain from expressing our views or passing upon the constitutionality of a retroactive application of the 1956 amendment to section 2 of the Estates Act of 1947. . . .