## Lyon et al. *v.* Alexander, Appellant.

Argued May 11, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Wm. S. Moorhead,* of *Moorhead & Knox* for appellant. —The testatrix did not devise to her daughter and sons a fee simple title to the real estate, but, on the contrary, devised a life estate to her daughter with remainder to the oldest son of testatrix who should survive her daughter and gave her daughter power to appoint by will the person or persons who should take the property on the daughter's death in case the daughter should survive all her brothers.

The testamentary power of appointment given by the testatrix to her daughter was a power in gross and could not, for a consideration, be released or extinguished by deed or by covenant not to appoint.

If the power of appointment could be and was extinguished, the reversionary interest of the testatrix passed to a trustee under the codicil to her will: Keene's Est., 221 Pa. 201; Biles v. Biles, 281 Pa. 565; Kenworthy's Est., 269 Pa. 315; Buechley's Est., 283 Pa. 107.

The trustee under the residuary clause of the codicil to testatrix's will could not convey, for the nominal consideration of five hundred dollars, a reversionary interest in real estate which appellees contracted to convey for approximately two hundred fifty thousand dollars.

*William Watson Smith* of *Smith, Buchanan, Scott & Gordon,* with him *Edgar D. Bell* and *Leon E. Hick-*

*man,* for appellees.—Appellees tendered a good and marketable title, even though an absolute fee semple title was not vested in them by article fourth of the will of Martha Fleming Byers, inasmuch as Maude Byers Lyon extinguished her power of appointment and she and her brothers were the sole heirs-at-law of Martha Fleming Byers and, as devisees and heirs, held an absolute fee simple title: Taylor v. Mitchell, 87 Pa. 518; Cridge's Est., 289 Pa. 331.

Appellees tendered a good and marketable title, because by article fourth of the will of Martha Fleming Byers an absolute fee semple title in the aggregate was devised to Eben M. Byers, J. Frederic Byers and Maude Byers Lyon, and all three of said persons have joined in the deed to the appellant: State Hospital for Criminal Insane v. Water Supply Co., 267 Pa. 29; Consolidated Cigar Corp. v. Corbin, 285 Pa. 273; Cross v. Miller, 290 Pa. 213; Cassidy's Est., 224 Pa. 199; Christy v. Christy, 162 Pa. 485; Lefebvre v. D'Arcy, 236 Pa. 235; Stevenson's Est., 18 Phila. 151; Shallcross's Est., 13 Phila. 374; Moyer's Est., 280 Pa. 131; Kenworthy's Est., 269 Pa. 315; Brush's Est., 277 Pa. 9.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1931:

The problem to be dealt with is whether the plaintiffs can convey to defendant a fee simple title to the real estate which she has agreed to purchase from them. The solution lies in the construction to be given to a clause in the will of Martha Fleming Byers, mother of plaintiffs, which reads: "Fourth. The real estate I now own on Sewickley Heights, in the County of Allegheny and State of Pennsylvania, which I purchased from D. T. Watson, and which contains about twenty-six (26 A.) acres, I now devise to my daughter, Maude Byers Lyon, for and during her natural life, and from and after her death to my oldest son who shall then be alive, and to his heirs. If Maude should outlive all my sons, then I empower her by her last will to devise said

property as she sees proper, but I impress on her and on my sons that as far as may be I desire the place to be kept in the family and like unto a family home. But I do not intend by this expression of desire to hamper or encumber or impose any trust whatever upon the absolute fee simple title I by this will give to my children in said property." The court below decided that the deed tendered by plaintiffs to defendant would vest in her a fee simple title and entered judgment in plaintiffs' favor for the consideration named in the agreement of sale, $250,000. Disputing the court's conclusion, defendant has brought to us this appeal.

The court reached its determination on the ground that Maude Byers Lyon could extinguish the general testamentary power of appointment which the will conferred on her by the covenant in her deed. With this we agree. Maude Byers Lyon could release and extinguish the general power of appointment given to her by the will, and by the deed tendered to defendant she did so. No one has any interest in a general power of appointment except the donee of the power. The donee could appoint to any one, to her own estate if she pleased. She was vested with an absolutely unlimited discretion as to whom she should appoint to receive the property. That she extinguished the power to appoint for a consideration makes no difference.

Much learning and research has been expended in the briefs by the able advocates on each side in a discussion of the distinctions between various kinds of powers of appointment, general powers, special powers, powers in gross, general testamentary powers in gross, special testamentary powers in gross, powers appendant, powers appurtenant, special collateral powers, general collateral powers. We think it profitless to review the cases defining the various kinds of powers or to enter upon even a summary of the distinctions which have been drawn. For all practical purposes there may be said to be two marked differences in powers of appointment;

they can be summarized as general and special powers. The general are those in which the donee of the power may appoint to anyone, and the special, in which the donee of the power is restricted to passing on the property to certain specified individuals or to a specific class of individuals. In the latter case, there is a sound reason why the repository of the power should not be permitted to extinguish it, because the testator has indicated the persons to whom the property shall go and there is reposed in the appointee of the power a confidence, something partaking of the nature of a trust; but where the power is a general one under which the donee may appoint to anyone, the testator has completely relinquished all dead hand dominion over the property and has placed it for all practical purposes as completely within the control of the donee of the power as though a fee had been created in him. There is neither a trust nor an obligation in the nature of a trust because the power is not coupled with a duty. Recognition of the right to extinguish a general power of appointment began as early as the decision of Lord COKE in Albany's Case, 1 Coke's Reports 107A (1585) and has been the doctrine in England substantially from that time to the present. Indeed in England by Act of Parliament of 1881, 44 and 45 Victoria, ch. 41, par. 52, the donee of any power, whether coupled with an interest or not, is empowered to release it by deed or contract not to exercise it. It is the rule adopted in Alabama, Illinois, Maryland, Massachusetts, North Carolina, Rhode Island and South Carolina. Professor Gray in an article in the Harvard Law Review, 24 Harvard Law Review 511 (1911), upon which appellant largely relies, disagrees with the decisions sustaining the right to extinguish a general testamentary power of appointment, and cites certain cases. The dicta in these cases may sustain his view, but we do not agree with the reasoning by which his conclusion is reached. If the donee of a general power may appoint to his own estate or to anyone in the

world, no individual is wronged by what he may do, and, therefore, no individual can complain; not so as to a special power. The right of the donee of a general power to extinguish it by deed is recognized in the comparatively recent decision of the Supreme Court of Illinois in Baker v. Wilmert, 288 Ill. 434. The release or extinguishment of the power may take any form. It may be by a contract or by deed: Baker v. Wilmert, 288 Ill. 434; Atkinson v. Dowling, 33 S. Carolina 414; and as indicated in these two cases and in Brown v. Renshaw, 57 Md. 67, may be implied from a covenant of general warranty.

Peoples-Pittsburgh Trust Company, trustee under a codicil to the will of testatrix, conveyed to Maude Byers Lyon, Eben M. Byers and J. Frederick Byers for a consideration of $500 all the right, title and interest, if any, vested in it under the will of the testatrix. This conveyance was made under the assumption that there might be a contingent interest passing to the trustee in the event that Maude Byers Lyon survived her two brothers and did not exercise her power of appointment. There was, however, no such interest. If it would otherwise have existed, the language of the testatrix at the end of the fourth paragraph conclusively shows that her intent was not to create a contingent interest, that she intended in any and all eventualities that what should vest in whichever of her children remained to ultimately receive the property was "the absolute fee simple title." As was said by Mr. Justice KEPHART in Mayer's Est., 289 Pa. 407, "We are not at liberty to diseregard plain words and say they are meaningless, unless after a careful consideration of the entire instrument it is not possible to give them any meaning." No language of the will is to be ignored or treated as surplusage unless no other conclusion is reasonably possible: Moyer's Est., 280 Pa. 131; Conner's Est., 302 Pa. 534. Furthermore, what would result in the event of her two brothers predeceasing Maude and the latter

not exercising the power of appointment would be, not the raising of a contingent interest, but an intestacy as to the property in question, and the terms of the will negative this as the intent of the testatrix. It says: "After all my debts are paid I bequeath and devise *all* my property, real, parsonal and mixed, as follows." Such a provision shows that the testatrix intended to dispose of all interest that she had in the property: Eberle v. Wood, 304 Pa. 403; Cryan's Est., 301 Pa. 386.

We are of opinion that the case was properly decided by the learned judge of the court below in holding that the deed to defendant conferred upon her an absolute fee simple title.

The judgment is affirmed.