## De Victor's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Harry E. Sprogell, James G. Leiper, Jr.,* and *Walter Stein,* for exceptants.

*Robert J. Sterrett,* contra.

VAN DUSEN, P. J., November 18, 1940.—Testator gave his estate in trust to pay the income to his wife for life and at her death to pay one half of the principal to a charity, and the remaining half as she should provide by her will. He died within 30 days, and the remainder of one half to charity was void. The auditing judge held that so much of the half of the estate as was in this way invalidly given fell into the other half of the estate under the provisions of section 15(c) of the Wills Act of June 7, 1917, P. L. 403.

The next of kin except to this award and point to the terms of the act, which are that the bequest which fails "shall pass to and be divided among the other residuary devisees or legatees, if any there be, in proportion to their respective interests in such residue." They say that the persons who are to be thus entitled must be in existence

at the time of the death of testator, which is the time as of which the gift is void.

There is no practical reason why this must be so. The half that is validly given has no fixed owner for the principal until the widow appoints, and it gets along perfectly well without a fixed owner. If that half is in such shape that it can pass under testator's will, it is in shape to receive within itself an accretion which results from lapse of another share. The argument of exceptants goes so far that if the valid share was a gift for life with remainder to issue, and there were no issue yet born, it could receive no accretion from an invalid share.

When the residue is divided into fractions and one fraction fails in whole or in part there is no reason why the bad part cannot fall into the other fractions, whether the persons who are ultimately to get those fractions are presently ascertained or not. See Morgan's Estate, 37 D. & C. 629. The only difficulty comes in such a case as McNulty's Estate, 29 Dist. R. 709, 711, in which there was a trust for a husband for life with remainder to a charity, and the remainder was void. It was held that the remainder did not fall into the life estate; and Judge Gest, as usual, expressed succinctly the intent of section 15 (c) of the Wills Act, viz, that it ". . . contemplates the case where the residuary devisees are given aliquot shares in the residue, and not to a case like the present, where the devisees are respectively life-tenant and remainderman and thus given estates of a different quality."

It is true that the statute speaks of "the other residuary devisees or legatees", but it makes no condition that these others shall be living at the death of testator. If the estate to which they are entitled is to come into existence in the future they can be ascertained in the future with no more difficulty than in the case of the devolution of the shares which are without question validly given.

Another aspect of exceptants' argument is that the estates in remainder, herein bequeathed, are of different qualities because the void remainder of one half of the

residuary estate to the charity was absolute, whereas the half remainder passed under a general power of appointment of the life estate. A life tenant with a general power of appointment has an estate tantamount to a fee because no other person has any interest in such a power: Price's Estate, 21 D. & C. 542; Lyon et al. v. Alexander, 304 Pa. 288; Wilbur's Estate, 334 Pa. 45.

The exceptions are dismissed and the adjudication is confirmed absolutely.