## Scott's Estate

Before Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Robert W. Archbald, Jr.,* for exceptant.

*George Scott Stewart* and *Richard K. Stevens,* contra.

SINKLER, J., November 3, 1944.—The exception to the adjudication is made by Marie E. Rapp, the residuary legatee under the will of Marie Jansson Scott Buzby, a trustee of the trust estate created by the will of George E. Scott and life beneficiary thereof. It is based upon the alleged error of the auditing judge in surcharging her estate with the sum of $2,000, the proceeds of sale of certain shares of stock belonging to the trust estate. These shares were sold by the trustees and the proceeds appropriated by her to her own use. She was the life tenant of the trust estate created by his will, with testamentary power of appointment.

The account is stated by the executor of the widow's will, and recites that the executrix of the will of the cotrustee refused to join in the account. He died several years before the widow. She died December 26, 1943, and by decree of this court entered March 31, 1944, a substituted trustee was appointed in place of the two deceased trustees.

The widow, expressly exercising the power of appointment conferred upon her by the will, appointed the principal of her estate to the Woodland Presbyterian Church.

The substituted trustee sought to surcharge the widow's estate by reason of her having appropriated part of the principal of the trust estate.

Counsel for the accountant also appeared at the audit for the sole residuary legatee under the will of the widow. He opposed the surcharge on the ground that the principle of law applied in Curran's Estate, 312 Pa. 416, should be extended to relieve the life tenant-trustee from liability by reason of her appropriated part of the trust estate.

In Curran's Estate it was held that acquiescence by the beneficiary of an equitable life estate and donee of a general power of appointment in the retention of nonlegal investments made by testator operates as an es-

toppel upon an appointee under the power to object to the retention. The auditing judge correctly refused to adopt this contention. To what he has well said, we add that the conduct of the beneficiary is distinguished from her act in the capacity of trustee. The principle of law applied in the Curran case is not applicable here.

Exceptant relies chiefly upon the circumstance that to the life beneficiary was given an unlimited testamentary power of appointment respecting the principal of the trust estate, and that her estate was tantamount to a fee under Lyon et al. v. Alexander, 304 Pa. 288, and other cases cited.

In Lyon et al. v. Alexander, testatrix, Martha Fleming Byers, devised real estate to her daughter, Maude Byers Lyon, for her natural life, and after her death to the oldest son of testatrix who shall then be alive, and to his heirs. The will proceeds that, should the daughter outlive all testatrix's sons, she is empowered by her last will to devise the property as she sees proper, but there is no alternate disposition of the remainder effective should she fail to outlive the sons. The proceeding was a case stated to determine whether a deed of conveyance by the daughter, Eben M. Byers, and J. Frederic Byers, presumably her brothers, vested in the purchaser a good title in fee simple. The decision is in the affirmative. In this case there is apparently no express trust and, as above recited, no alternative devise of the remainder.

The adjudication contains sufficient analysis of other cases relied upon by exceptant. We emphasize the following: Where a life beneficiary of a trust estate is given a general testamentary power of appointment and alternative disposition in the event of failure to exercise the power, the trust may not be terminated without joinder of the contingent remaindermen. In the present will, provision is made for disposition of principal should the power be not exercised. We agree with the conclusion of the auditing judge that a life benefi-

694

ciary of a trust estate who has a general testamentary power of appointment, and who is a testamentary trustee, may not terminate the trust in whole or in part by appropriating the trust res.

The exception is dismissed and the adjudication is confirmed absolutely.