Jackson Trust.

Argued Dec. 4, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Thomas S. Lanard,* for appellant.

*William E. Lingelbach, Jr.,* with him *Isaac A. Penny-packer,* and *Morgan, Lewis & Bockius,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 2, 1945:

Where an irrevocable deed of trust provides a life estate for the wife of the settlor and reserves to the set-tlor a general power of appointment of the corpus by will, may he by a subsequent *inter vivos* deed, without the joinder of the wife, extinguish said power of appointment and direct that after the death of his wife and

himself the corpus shall be distributed to a corporation for the benefit of his creditors? This is an appeal by Belle Jackson Schoble, a daughter of William P. Jackson, deceased, settlor, from a decree of the court below directing distribution of the corpus to the Salisbury Corporation pursuant to the terms of the later *inter vivos* deed.

William P. Jackson, a resident of Maryland, on December 1, 1911, executed an irrevocable deed of trust appointing the Girard Trust Company of Philadelphia trustee. In consideration of the release by his wife, Katherine S. Jackson, of all dower interest in his estate, he transferred to the trustee bonds in the sum of $120,-000. and directed that the income be paid to his wife for life, free from all debts or contracts. Upon her death the trustee was directed to distribute the principal to "such person or persons, upon such terms, and for such estates as the Grantor might, by his Last Will and Testament, direct, limit and appoint." No express provision was made for distribution of principal or income in the event that the settlor's wife should predecease him. Subsequently Jackson became financially involved, and on December 21, 1936, executed a second irrevocable deed of trust appointing the Girard Trust Company trustee. The deed referred to the trust already established for the benefit of his wife and stated that since he had an interest in the principal of the trust, and upon the death of his wife, a general power of appointment over said principal, he now desired to waive said power of appointment and to declare additional trusts with regard to the principal and income. He "has assigned, transferred, and set over unto Trustee all his right, title, interest, and estate, present or prospective, in and to the corpus or principal of the trust held by Girard Trust Company, Trustee, under a certain Indenture or Deed in Trust bearing date of the first day of December, One Thousand Nine Hundred and Eleven (1911), and hereby waive[d] any and all right to appoint the same in and

by his Last Will and Testament, as in said Indenture or Deed in Trust set forth, together with such other money, securities, or other property, real or personal, as may be hereafter delivered to Trustee." The deed then provided that the principal was to be held in trust for the payment of income after his wife's death to himself or his order for life and, upon his and his wife's death, principal was to be paid to the Salisbury Corporation of Maryland, free and clear of all trusts.

On June 21, 1932, Jackson, confronted with financial reverses, entered into a creditors' agreement providing an extension of time for the payment of his indebtedness, in return for which he transferred all the capital stock of the Salisbury Corporation to a creditors' committee, giving it exclusive control of the Corporation for the benefit of his creditors. The agreement was extended by a supplemental agreement of May 15, 1937, and has never been terminated. The indebtedness due the committee at the time the account of the trustee was before the court for audit was $337,126.32. The assets of the Salisbury Corporation admittedly are insufficient to discharge Jackson's indebtedness.

Jackson died March 7, 1939. His wife, Katherine, died May 15, 1943, whereupon the Girard Trust Company filed its account. At the audit the Salisbury Corporation claimed the principal of the trust under the indenture of December 21, 1936. Belle Jackson Schoble, appellant, and Elizabeth Jackson Fripp, two of the settlor's four children, claimed the balance, asserting that the supplemental deed of trust was void and of no effect and that distribution should be made pursuant to the settlor's will, dated April 8, 1938, wherein his residuary estate was given to his children, share and share alike. The court en banc dismissed exceptions to the adjudication and confirmed the award of the auditing judge which directed payment of the principal to the Salisbury Corporation.

Appellant contends that the trust indenture of 1936 was ineffective because (1) the settlor's wife, having a life estate under the trust of 1911, was a party in interest and the terms of the deed could not be altered without her consent, (2) disposition of principal could only be made by the exercise of the power as stated in the deed of trust, to wit, by will, and (3) the trust of 1911, being an irrevocable trust, the settlor had no power to revoke it in part and substitute other trusts. Appellee contends that the grantor, having reserved to himself the power to dispose of the corpus by will after his wife's death, was not precluded from releasing said power and giving said principal to a corporation for the benefit of his creditors for the reasons (1) the wife's estate remained unimpaired and her assent thereto was, therefore, unnecessary, and (2) the original deed of trust could not put the settlor's property beyond the reach of creditors.

The power with which we are concerned is a general one and the donee of a general power of appointment may release the same or extinguish it by deed. In *Lyon et al. v. Alexander,* 304 Pa. 288, 293, this Court said (pp. 292-93) : "If the donee of a general power may appoint to his own estate or to anyone in the world, no individual is wronged by what he may do, and therefore, no individual can complain . . ." Whether the donee of a general power of appointment is a person other than the settlor or the settlor himself is immaterial. It is apparent, therefore, that the consent of the life tenant under the indenture of 1911 to the extinguishment of the power was unnecessary because her interest in the trust was in no way affected.

The indenture of 1911 as thus modified by the extinguishment of the power of appointment created only a life estate to the wife. No provision was made for disposition of the principal. Had nothing more been done by Jackson, a resulting trust for the benefit of the settlor or his heirs would have resulted by operation of law.

Jackson, by his indenture of 1936, conveyed this reversionary interest to the Salisbury Corporation, and with the agreement of 1937 such interest was to be held by the Corporation for the benefit of all his creditors. It is therefore unnecessary to determine the validity of the deed of 1911 as respects the rights of his creditors. The court below properly awarded the balance to the Salisbury Corporation for the benefit of Jackson's creditors.

The decree of the court below is affirmed. Costs to be paid by appellant.