## Curtis Estate.

Argued April 23, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Morris H. Goldman,* with him *Morris Wolf, Samuel H. High, Jr., Robert McL. Boote, Wolf, Block, Schorr and Solis-Cohen,* and *High, Swartz, Roberts and Seidel,* for appellant.

*Richard P. Brown, Jr.,* with him *Gregory M. Harvey, W. Wesley Nagle, Frances Woerner,* and *Morgan Lewis & Bockius,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, July 2, 1973:

This appeal is from the final decree of the Orphans' Court Division of the Court of Common Pleas of Montgomery County, which declared that the title to "Curtis Arboretum", a public park in Cheltenham Township,

was not the property of the Township, but that of appellees.[1] The facts surrounding this appeal are as follows: Cyrus H. K. Curtis died on June 7, 1933. Included in his estate were some 165 acres of real estate, situate in Montgomery County. This real estate was devised by Article Ninth of the testator's will, which reads in part:

"Ninth. I give, devise and bequeath to my daughter, Mary Louise Curtis Bok, for her lifetime, my residence known as Lyndon, and all other real estate belonging to me, situate in Montgomery County, Pennsylvania . . . together with all the buildings thereon erected and all the household furniture and effects contained therein. . . .

"My said daughter shall have full power by will or other testamentary instrument to dispose of any or all of said property, but failing such disposition, upon her death, I give the same in equal shares to such of my grandchildren as shall be living at the death of my said daughter, and to the issue then living of any deceased grandchildren, such issue to take per stirpes the share which their parent would have been entitled to receive if living.

"My said daughter shall have full power to sell any or all of said property, real or personal, and to execute and deliver good and sufficient deeds or other instruments of conveyance or sale, without any obligation upon the part of the purchaser to see to or be responsible for the application of the proceeds. The proceeds of such sale shall stand in place of the property sold and shall be turned over to my daughter, without security."

---

[1] The appellees herein are Derek C. Bok, Benjamin P. Bok, Margaret W. Bok Roland-Holst, Rachel Bok Kise, Enid Bok Schoettle and the Executors of the Estate of Cary W. Bok, surviving descendants of Cyrus H. K. Curtis.

In 1936, Mrs. Bok negotiated with the solicitor for the Board of Commissioners of Cheltenham Township for the establishment of a public park in memory of Cyrus H. K. Curtis. On March 11, 1937, Mrs. Bok, by conveyances, transferred approximately forty-three acres to the township. The conveyances numbered eight, but were identical in every material aspect except the legal descriptions of the property conveyed. The conveyances were entitled "Deeds of Gift" and read in the relevant portions:

"WITNESSETH, That in consideration of the desire of the said party of the first part to establish a free public neighborhood park and arboretum, without essential change in the general landscape character thereof, the said party of the first part has remised, released and quitclaimed, and by these presents does remise, release and quitclaim unto the said party of the second part, its successors and assigns, all the right, title and interest of the party of the first part in and to the following described property. . . .

"To HAVE AND TO HOLD the said premises, with all and singular the appurtenances, unto the said party of the second part, its successors and assigns, so long as said premises and the whole thereof shall be used and maintained solely as a free public neighborhood park and arboretum, and without essential change in the general landscape character thereof and for no other purpose; PROVIDED that if at any time the party of the second part, its successors and assigns, shall fail to use and maintain said premises and every part thereof as a free public neighborhood park and arboretum, as aforesaid, without essential change in the general landscape character of said premises, then said premises and every part thereof, together with all and singular the appurtenances, shall revert to said party of the first part. . . ." The park was established by the township and has remained as such to date.

On January 23, 1943, Mrs. Bok released the general testamentary power of appointment given her in the testator's will. On January 4, 1970, Mrs. Bok died[2] and appellees herein demanded that the township return the land in question to them. They alleged that Mrs. Bok was not the owner in fee simple, but merely held a life estate, so that at her death they became the owners of the land under the terms of Cyrus H. K. Curtis's will.

The township refused this demand. Appellees then filed a petition in the Orphans' Court Division of Montgomery County, requesting that court to determine ownership of the property in question. The township filed preliminary objections alleging that the lower court lacked jurisdiction over the subject matter in question. This was overruled by the court below, and on appeal we affirmed. *Curtis Estate,* 445 Pa. 603, 284 A. 2d 500 (1971). The Montgomery County Court then ruled that the land in question belonged to appellees and the township filed this appeal.

The township alleges three theories in support of its position that Mrs. Bok could convey ownership to the township. Since the arguments of appellant are based on distinct theories, we shall discuss them separately.

The township first argues that Article Ninth of the testator's will, giving Mrs. Bok a life estate and general testamentary power of appointment, vested a fee simple in Mrs. Bok, making the transfer to appellants a conveyance of a fee simple determinable. We do not agree. In *Warren's Estate,* 320 Pa. 112, 120, 182 A. 396 (1936), we stated: "It is argued that because [the devisee] had a life estate and a general power of appointment,

---

[2] At the time of her death, she was Mary Curtis Bok Zimbalist, having remarried after the death of her husband. We shall continue to refer to her as Mrs. Bok.

she possessed the equivalent of a fee. . . . It is to be noted that there was a gift over in default of appointment. The alternative gift over precludes an absolute ownership." See also *McCreary Trust,* 354 Pa. 347, 47 A. 2d 235 (1946).

Since the gift over in default of the exercise of the power of appointment precluded the enlargement of the estate of Mrs. Bok to a fee simple, the deeds to appellant could not convey a fee simple determinable to appellant, which would detract from appellees' interest herein.

Appellants argue that *Lyon v. Alexander,* 304 Pa. 288, 156 A. 84 (1931), is dispositive of the issue of whether Mrs. Bok had a fee simple absolute. However, in *Lyon, supra,* unlike the instant case, the devise did not contain a clause providing for a gift over in default of appointment by the life tenant.[3]

Appellant next argues that under the rule in *Shelley's Case,* 1 Coke Rep. 93b, 76 Eng. Reprint, 206 (1581), the language of the testator's will, stating: ". . . to my daughter, Mary Louise Curtis Bok, for her lifetime . . . but failing [the exercise of the power of appointment] upon her death, I give the same in equal shares to such of my grandchildren as shall be living at the death of my said daughter . . . ," gave a full fee simple to Mrs. Bok,[4] thus making the conveyances to appellant a fee simple determinable. The rule in *Shelley's Case* has been defined as follows: "When a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and in the same instrument there

---

[3] It is worth noting that in *Lyon,* the heirs who were to take upon default of the exercise by the life tenant of her power of appointment joined in the conveyance. In the instant case, the grandchildren of Cyrus H. K. Curtis did not join.

[4] That rule was abolished prospectively by the Act of July 15, 1935, P. L. 1013, §1, 20 P.S. §229, but would nevertheless apply to the will of Cyrus H. K. Curtis.

is a limitation by way of remainder, either with or without the inter-position of another estate, of an interest of the same legal or equitable quality, to his heirs or heirs of his body, as a class of persons to take in succession from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate." 28 Am. Jur. 2d Estates, §102.

The classic example of a conveyance subject to the rule is A for life, remainder to the heirs of A. The crucial element for the operation of the rule in *Shelley's Case* is that the heirs in the remainder must take by inheritance from the person holding the previous freehold estate. In the instant case, the persons taking upon the failure to exercise the power of appointment were designated by the testator as "my grandchildren", not as the life tenant's "heirs". In *Stout v. Good*, 245 Pa. 383, 386, 91 A. 613 (1914), when discussing the application of the rule in *Shelley's Case* to facts similar to that of the instant case, we stated: ". . . before the life estate can be enlarged to a fee, it must clearly appear from the language employed that the remaindermen are to inherit from the original devisee, and not to take as devisees directly from the testator; particularly, when, as is so often the case, the application of the rule will have the effect of defeating the testator's express declaration. . . ."

It is clear from the language used by the testator that he intended the gift over to appellees to descend from him and not from the life tenant.

Having held that Mrs. Bok did not hold the real estate in question in fee simple and did not, therefore, convey a fee simple determinable by her quit claim deeds, we must now consider whether her actions constituted a sale under the power to sell given her by the will. Although Mrs. Bok, by the terms of the testator's will, was given full power to sell and deliver good and sufficient deeds to a purchaser, she was required

534

to substitute the proceeds of the sale for the land. The conveyance in question to the township did not, in fact, involve the transfer of any "proceeds" to Mrs. Bok.

The township asserts that, in exchange for the transfers, Mrs. Bok received the promise of the township to maintain the public park and that this promise should be considered "proceeds" from her sale of the real estate. However, in the absence of a further definition in the testator's will of the term "proceeds", we must conclude that he intended the word to mean money that would be realized from the sale. Cf. *Earle's Estate,* 331 Pa. 23, 199 A. 173 (1938). While the benefit that accrued to Mrs. Bok could be termed consideration, it clearly was not proceeds that could be substituted for the real estate. In addition, each of the deeds of conveyance was specifically designated "deed of gift" and in a letter written by Mrs. Bok, introduced into evidence without objection, addressed to the Chairman of the Township Board of Commissioners, Mrs. Bok stated that she proposed to transfer the property in question "as a gift". The deeds and this letter reinforce the conclusion that the conveyances in question were gifts, rather than sales, as alleged by the township.

Since the chancellor based his decision upon the terms of the will of the testator, it will be unnecessary to discuss the admissibility of certain evidence offered by appellees that did not form a basis for the chancellor's decision.

Decree affirmed. Each party to bear own costs.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I must dissent from the majority's determination that the forty-three-acre "Curtis Arboretum", a public park in Cheltenham Township, since 1937, is not the property of the township but belongs to the testator's grandchildren or surviving issue of his grandchildren. In view of the consideration which has accrued to the

estate in the last thirty-six years, appellee-beneficiaries, on this record, are now precluded from asserting this claim of ownership.

Mr. Chief Justice JONES joins in this dissenting opinion.