398 So.2d 932 (1981)
Alfred D. BIELEY, Individually and As Trustee, Appellant,
v.
Peggy M. BIELEY, Individually and As Trustee, Appellee.
No. 79-1941.
District Court of Appeal of Florida, Third District.
May 12, 1981.
Rehearing Denied June 5, 1981.
*933 Ponzoli & Wassenberg and Ronald P. Ponzoli, Miami, for appellant.
Gelb & Spatz and Monroe Gelb, Miami, for appellee.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
Whether a trial judge in a dissolution proceeding may amend provisions of an existing irrevocable trust established by the parties for the benefit of their son is the question presented in this appeal. In an action brought to enforce the trust amendment, the court ordered invasion of the trust corpus in order to gain additional funds for the beneficiary's education. We hold that the court correctly enforced the amendment; however, we find error in the court's ruling pertaining to the claim of waste. We therefore affirm in part and reverse in part.
In 1972, Peggy Bieley and Alfred Bieley created a trust designed to provide a fund for their son Harlan's educational expenses. A termination provision stated:
ARTICLE FOUR: TERMINATION PROVISIONS
On the 30th day of November, 1983, or upon the death of our son, HARLAN C. BIELEY, whichever occurs first, all then accumulated yet undistributed income is to be paid and distributed to our son HARLAN or to his estate should he not be living, free from any trust. This Trust is to terminate upon the occurrence of that event, whereupon the corpus of it is to be paid and distributed to us as Co-Trustees or to either one of us as surviving sole Trustee or to the estate of the predeceased Co-Trustees or Trustee, that is should we, Declarants have both died by the time of termination hereinbefore stated, either simultaneously or successively.
The trust was declared irrevocable.
ARTICLE FOURTEEN: IRREVOCABILITY
This Trust is to be irrevocable and we hereby expressly waive any and all rights and powers, whether alone or in conjunction with any other person, to alter, amend or revoke the same, neither in whole nor in part nor as to any of its terms.
In 1977, the marriage of Peggy and Alfred Bieley was dissolved. In the Final Judgment of Dissolution, both the Harlan Bieley Trust and that of his sister[1] were amended.
7. The trusts shall be deemed amended so as to permit invasion of the corpus for the purpose of securing an education and as provided in said trusts for the beneficiary of each Trust, and the parties are hereby directed to execute such instruments as may be necessary to accomplish this result.
Incorporated in the Final Judgment of Dissolution, by reference, an exhibit[2] provided:
Alfred D. Bieley and Peggy Bieley do each acknowledge that they have no joint and/or individual interests in and to the foregoing titled ... "Harlan Bieley Trust Assets."
When Alfred Bieley refused to execute documents necessary to permit invasion of the trust corpus as required by the Final Judgment of Dissolution, Peggy Bieley instituted *934 an action to require him to permit invasion of the corpus in the amount of $1,943.10. Alfred Bieley counterclaimed charging Peggy Bieley had wasted trust funds during the time she served as sole trustee.[3] During the pendency of the action to enforce the provisions of the Final Judgment of Dissolution, Harlan Bieley filed an affidavit stating he approved the trust amendments and supported efforts to enforce the amendments.
The trial court found that the Agreed Final Judgment of Dissolution contained provisions amending the trust and that the trust income of approximately $2,700 was inadequate to carry out its purpose. In addition, the court found that Alfred and Peggy Bieley were settlors, co-trustees and remaindermen. The court concluded:
2. That the Final Judgment entered in Case No. 77-9175 dissolving the marriage of the parties was agreed to by both the Plaintiff and the Defendant and has the effect of a property settlement agreement as well as a Final Judgment;
3. That the provisions of the Final Judgment of Dissolution of Marriage entered in Case No. 77-9175, Circuit Court Eleventh Judicial Circuit, insofar as it pertains to amendment of the HARLAN C. BIELEY Trust is fully enforceable against ALFRED D. BIELEY both individually and as Trustee;
4. That the said Final Judgment entered in Case No. 77-9175 amended the Declaration of Trust dated November 29, 1972 created for the benefit of HARLAN C. BIELEY so as to permit invasion of the corpus to effect the purpose of the trust and so as to constitute a waiver and relinquishment of the remainder rights of ALFRED D. BIELEY and PEGGY M. BIELEY in favor of the beneficiary HARLAN C. BIELEY;
5. That said amendments were all clearly beneficial to the interests of the beneficiary... .
The court entered judgment in favor of Peggy Bieley and ordered Alfred Bieley to execute documents necessary to effect invasion of the trust corpus. Alfred Bieley's contention that the purchase of a car for Harlan from trust funds depleted the corpus by $2,700, reduced its income, and constituted waste was rejected by the trial court. The court also rejected arguments that rent payments of $195 a month along with other automobile maintenance costs wasted trust assets. This appeal ensued.[4]
Appellant contends that the court in the dissolution proceeding lacked authority to amend the trust because it did not have all parties to the trust before it; in the dissolution proceeding, the Bieleys did not appear in their capacity as co-trustees, and Harlan was not a party to the dissolution. Appellant argues that no emergency existed to justify modification of the trust. Pentland v. Pentland, 113 So.2d 872 (Fla. 1959).
Appellee, on the other hand, argues that although a trust may be amended with the beneficiary's consent, Harlan's consent was not required because the trust settlors' actions benefited him. They surrendered their interests to him by releasing their reversionary rights. Boyd v. United States, 34 F.2d 488 (D.C.Conn. 1929); Hines v. Louisville Trust Co., 254 S.W.2d 73 (Ky. App. 1952); In re Central Homes Trust Co., 61 N.J. Super. 109, 160 A.2d 186 (1960); 89 C.J.S. Trusts § 87, p. 894 (1955). Appellee contends that although the trust could not be modified to the detriment of the beneficiary, the settlors could surrender privileges if the result were for his benefit. The court must determine whether the beneficiary's interests were prejudiced by the amendment.
Although Florida cases have not previously addressed this issue, we now hold that an irrevocable trust may be amended without the consent of the beneficiary when the settlor surrenders privileges or rights in favor of the beneficiary. In reaching this *935 conclusion, we are guided by the law emanating from other jurisdictions. Boyd v. United States, supra (settlor could reduce net income from an irrevocable trust payable to settlor because remainderman's rights were enhanced); Hines v. Louisville Trust Co., supra (settlor may modify trust agreement by surrendering privileges but may not modify the trust to the prejudice of the beneficiaries without their consent); In re Central Home Trust Co., supra (amending disposing of settlor's reversionary interest in corpus without adversely affecting beneficiaries' rights should be declared valid); In re Harwood, 113 N.Y.S.2d 587 (S.Ct. 1952) (settlor's transfer of a trust reversion did not require all parties to consent); New York Trust Co. v. Weaver, 298 N.Y. 1, 80 N.E.2d 56 (1948) (holding that a son's consent to revocation of the trust under which he was beneficiary was not required when the revocation disposed of the settlor's reversionary interests); In re Jackson's Trust, 351 Pa. 89, 40 A.2d 393 (1945) (life tenant's consent to extinguishment of power of appointment unnecessary because her trust interest was not affected.
The Harlan Bieley Trust provided that the trust was to terminate on November 30, 1983 or upon the death of the beneficiary, whichever occurred first. When the trust terminated, the corpus of the trust was to be distributed to Alfred D. Bieley and Peggy M. Bieley. In the Final Judgment of Dissolution, the trial court ruled that the amendment constituted a "waiver and relinquishment of the remainder rights of Alfred D. Bieley and Peggy M. Bieley in favor of the beneficiary, Harlan C. Bieley." We construe the settlors' waiver and relinquishment of their remainder rights as applicable only to the invasion of the corpus for the purpose of the trust, to provide for Harlan's educational expenses.
The foregoing provisions clearly disclose that the amendments to the trust favored the beneficiary. The beneficiary's consent to the trust amendments was therefore unnecessary. The trial court correctly entered its final judgment enforcing the trust amendments.
Turning to the trial judge's ruling that Peggy Bieley, as sole trustee, was not shown to have committed waste of the trust assets, we find error. Appellant sought to introduce evidence proving that Peggy Bieley had wasted trust assets by improper rent expenditures through the introduction of checks establishing the amount wasted. Counsel failed to introduce documents and sought to have the case reopened so that they might be introduced. The court refused to permit the case to be reopened, although the court recognized that rent should not have been paid under the terms of the trust. We hold the trial court abused its discretion in refusing to permit appellant the opportunity of introducing the checks. Akins v. Taylor, 314 So.2d 13 (Fla. 1st DCA 1975). We therefore reverse the provisions in the Final Judgment pertaining to waste and remand for additional testimony on that issue.
The remaining points lack merit.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] The status of the Lily Beth Bieley Trust was not challenged in these proceedings.
[2] Alfred and Peggy Bieley agreed in writing to release their interests in the trust assets.
[3] The court also found that Alfred Bieley had between March, 1978 until March of 1979 temporarily removed himself as co-trustee.
[4] Alfred Bieley's appeal of the Final Judgment of Dissolution did not challenge the trust amendment provisions.