416 So.2d 1163 (1982)
LOTSPEICH COMPANY, a Florida Corporation, Appellant,
v.
NEOGARD CORPORATION, Appellee.
No. 81-882.
District Court of Appeal of Florida, Third District.
June 15, 1982.
Rehearing Denied August 4, 1982.
*1164 Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael J. Murphy, Miami, for appellee.
Before SCHWARTZ, NESBITT and FERGUSON, JJ.
PER CURIAM.
In an action for contribution against a joint tort-feasor the trial court's personal dislike for the terms of a good faith settlement between the tort victim and defendant/third-party plaintiff could be no basis for directing a verdict for the third-party defendant where the reasonableness of the settlement was agreed to by all the parties.[1] Settlement agreements are *1165 highly favored in the law and will be upheld whenever possible because they are means of amicably resolving doubts and preventing lawsuits, Pearson v. Ecological Science Corp., 522 F.2d 171 (5th Cir.1975), reh. denied, 525 F.2d 1407 (5th Cir.1975), cert. denied in Skydell v. Ecological Science Corp., 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976); Coe v. Deiner, 159 So.2d 269 (Fla. 2d DCA 1964); Russell v. Shelby Mutual Insurance Company, 128 So.2d 161 (Fla. 3d DCA 1961), cert. disch., 137 So.2d 219 (1962), and should not be invalidated or, as here, collaterally defeated by the court, unless there is (1) failure of the agreement to satisfy required elements for a contract, (2) illegality, (3) fraud, (4) duress, (5) undue influence or, (6) mistake, 15 Am.Jur., Compromise and Settlement, § 27, none of which are alleged or shown to be present in this case.
Where the parties to the third-party litigation stipulated on the record that a settlement had been effected with the tort victim, fixing the amount of damages at $600,000.00, and that the settlement would not be an issue in the third-party action for contribution, it was error to direct a verdict on grounds that the third-party plaintiff failed to produce the tort victim for testimony regarding the terms or effect of the settlement.[2]
Pretrial stipulations prescribing the issues on which a case is to be tried are binding upon the parties and the court, and should be strictly enforced. Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1 (Fla. 1971).[3]
Appellee asserts that the trial court can be affirmed for the reason that there was no evidence presented upon which a jury could have returned a verdict for the appellant. Upon examination of the record we must disagree. There is evidence, though conflicting, or susceptible to different reasonable inferences, tending to prove *1166 third-party plaintiff's case, therefore the issues should have been submitted to the jury. Hendricks v. Dailey, 208 So.2d 101 (Fla. 1968); Dandashi v. Fine, 397 So.2d 442 (Fla. 3d DCA 1981); Behar v. Root, 393 So.2d 1169 (Fla. 3d DCA 1981); Laird v. Potter, 367 So.2d 642 (Fla. 3d DCA 1979), cert. den., 378 So.2d 347 (Fla. 1967).
Reversed and remanded for a new trial.
NOTES
[1] The first $500,000.00 of the settlement was payable upon execution of the release documents and the balance of $100,000.00 was to be paid after trial on the third-party complaint for contribution, to insure that the tort victim, who was moving his residence to Georgia, would return to give testimony. The court's displeasure with the agreement is expressed several places in the record:

[at pre-trial conference]
* * * * * *
The Court: You mean to say he has got a hundred thousand dollars riding on the truthfulness of his testimony?
Mr. Reese [for appellant]: No, no. He is going to get the hundred thousand after this case is finished.
The Court: Regardless of what his testimony is?
Mr. Reese: Regardless.
Mr. Demahy [for appellant]: It was just to make him accessible, Judge. You can impeach him if he testifies differently.
Mr. Reese: He has been deposed twice. He is not changing his testimony.
The Court: I think that is horrible. I really, really do.
* * * * * *
The Court: If you have got a guy sitting with a hundred thousand dollars over his head to testify, my God, I'm about to weigh it and throw you out of here. I think it is terrible.
I am opposed to the Mary Carter agreements. I am opposed to any of those little, cute agreements that we are going to hold a thousand dollars back depending on his testimony.
Mr. Reese: It is not depending on anybody's testimony.
The Court: ...
Let us try the case. I do not know what I am going to do.
I am mad, but that jury is sure going to know that you are going to pay him a hundred thousand dollars for being here today. That is the least thing I will do.
[2] The reason given on the record for directing a verdict is failure to introduce the release document as evidence  a point which had not been raised by third-party defendant. The trial court denied a motion to re-open the case for the purpose of introducing the original release document, which on these facts, would be an abuse of discretion. Bieley v. Bieley, 398 So.2d 932 (Fla. 3d DCA 1981); Akins v. Taylor, 314 So.2d 13 (Fla. 1st DCA 1975). The proffered release shows that the injured plaintiff gave complete satisfaction to appellee as well as appellant as joint tort-feasors, giving appellant the right to contribution. Woods and G.E.I.C.O. v. Withrow, 413 So.2d 1179 (Fla. 1982); § 768.31, Fla. Stat. (1979).

That the court's disrelish for the settlement and release terms was the real basis for entering judgment is evidenced by remarks made in response to the motion to re-open the case:
The Court: Counsel, I already told you I do not take liking to that kind of release. I thought it was bad to start with. So, if you are going to appeal to my equity, to reopen, have the man here.
[3] Counsel for appellee made the following comments in opening statement to the jury, confirming the oral agreement as to the issues to be tried:

Mr. Gaebe: David Frazier [victim] has been fully compensated for his injuries. We have agreed that the payment was reasonable and we have agreed or conceded to the fact that David Frazier probably was injured or was injured as a result of the toxic fumes probably from our product...
These are the issues you will be deciding: Are we negligent? Did we cause this accident? To what extent?