William R. and James F. POWERS, as persons in possession of the property of Loraine R. Powers, deceased, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 97–389T.

United States Court of Federal Claims.

April 24, 1997.

Robert E. Schlusser, Wilmington, DE, for plaintiffs.

Robert Stoddard, Washington, DC, with whom was Assistant Attorney General Loretta C. Argrett, for defendant. Mildred L.

Seidman, Chief, Court of Federal Claims Section, Tax Division, of counsel.

## *ORDER*

MILLER, Judge.

This case comes before the court on cross-motions for summary judgment. The issue is whether a decedent's power of appointment constituted a general power of appointment under Pennsylvania law, so that the value of the property subject to the power properly was included in the decedent's gross estate for federal estate tax purposes under 26 U.S.C. ("I.R.C.") § 2041(b)(1) (1994). Argument is deemed unnecessary.

## FACTS

The parties stipulated to the facts. Loraine R. Powers ("decedent") died on November 20, 1993.* Almost all of decedent's property was held in a revocable trust created by her on November 20, 1987. At the time of her death, decedent held a power of appointment under the will of her father, William J. Richards, who had died a resident of Pennsylvania in 1949. Mr. Richards' will provided, in pertinent part:

> THIRD: I give, devise and bequeath, . . . all the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever nature and kind and wheresoever situate, unto The Miners National Bank . . ., William C. Green and Frank E. Powers, as Trustees, in Trust, for the following purposes:
>
> . . . .
>
> 4. Upon the death of the last survivor of my said daughters and my said son, to pay, distribute, grant and convey the principal or corpus of my estate, or so much thereof as shall remain, as follows:
>
> . . . .
>
> (c) Three-tenths (3/10) thereof to such person or persons as my daughter, Lorraine R. Powers, may have directed or appointed by her last Will and Testament; and should my said daughter fail to make any such direction or appointment by her last Will and Testament, then this said

share shall be paid, distributed, granted and conveyed unto her children; . . .

Decedent, in her own will, exercised her power of appointment, appointing the principal to her own *inter vivos* trust. Upon her death this trust became irrevocable.

William R. and James F. Powers ("plaintiffs") are decedent's sons and co-trustees of her now irrevocable trust. Plaintiffs filed a Form 706, United States Estate Tax Return, reporting the estate's assets on August 24, 1994. The property subject to the power of appointment was included in decedent's gross estate. As recipients of the estate, plaintiffs paid $1,888,020.71 after claiming various deductions and credits. The Internal Revenue Service (the "IRS") accepted the estate tax return as filed.

On August 8, 1995, plaintiffs filed a Form 843, Claim for Refund, for a refund of $1,888,020.71, together with statutory interest. Plaintiffs took the position that the decedent's power of appointment under the will of William J. Richards was not a general power of appointment and that the property subject to the power therefore improperly was included in the gross estate. The IRS rejected plaintiffs' claim by letter dated June 9, 1996. Plaintiffs filed their complaint with the court on July 1, 1996.

The parties have stipulated that

> if the decedent's power of appointment under the will of William J. Richards is a general power of appointment under Section 2041(b)(1), the federal estate tax return filed for the Estate of Loraine R. Powers is correct as filed and no refund is due to the plaintiffs. [However,] . . . if the decedent's power of appointment under the will of William J. Richards is not a general power of appointment under Section 2041(b)(1), the plaintiffs are entitled to a refund of $1,888,020.71, together with statutory interest thereon from August 24, 1994.

Joint Stipulation for Purposes of Cross-Motions for Summary Judgment filed Feb. 18, 1997, ¶ 12.

---

* The decedent's first name is also spelled "Lorraine."

## DISCUSSION

■ This case involves a power of appointment created by the will of William J. Richards. "A power of appointment created by will, is, in general, considered as created on the date of the testator's death." Treas. Reg. § 20.2041–1(e) (as amended in 1961). "To the extent any property with respect to which the decedent has at the time of [her] death a general power of appointment created after October 21, 1942 ... such property would be includible in the decedent's gross estate." I.R.C. § 2041(a)(2). Because Mr. Richards died in 1949, decedent's power of appointment arose after October 21, 1942. Therefore, if the power of appointment created in his will was a general power of appointment, it would be includible in decedent's gross estate.

■ The Internal Revenue Code (the "Code") defines a general power of appointment as "a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate...." I.R.C. § 2041(b)(1); see *Helvering v. Grinnell*, 294 U.S. 153, 155, 55 S.Ct. 354, 354–55, 79 L.Ed. 825 (1935); *Security–Peoples Trust Co. v. United States*, 238 F.Supp. 40, 45 (W.D.Pa.1965). "The Code definition is cast in the disjunctive, so that the donee is in possession of a general power of appointment if he or she is able to exercise that power in favor of *any one* of the four groups of beneficiaries specified in the statute." *Keeter v. United States*, 461 F.2d 714, 717 (5th Cir. 1972). The court must "look to applicable state law to determine whether the substance of the property interests created by the settlor fits within the federal tax law's definition of a power of appointment, but ... it is the substance of the state law that is relevant and not any labels that a state or the parties might attach to that substance." *Id.; see Morgan v. Commissioner*, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585 (1940) ("State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed.").

The court is asked to construe the provisions of Mr. Richards' will under Pennsylvania law and various Code provisions to determine if decedent was granted a general power of appointment. Plaintiffs argue that under the will

1) Pennsylvania law would not allow decedent to obtain "the principal of the trust herself during her lifetime," Plfs' Br. filed Feb. 18, 1997, at 4, so that the dispute centers on whether decedent could exercise the power in favor of her estate or creditors,

2) Although "Mr. Richards' will did not expressly preclude an exercise of the power" of appointment in favor of the decedent's estate or decedent's creditors, "it was not necessary for the testator to expressly preclude an exercise in favor of the decedent's estate or the creditors of her estate," as Pennsylvania courts have found that "such was the testator's intent when the testator provided for a gift over to issue upon the donee's failure to exercise the power," Plfs' Br. filed Mar. 26, 1997, at 2–3; see Plfs' Br. filed Feb. 18, 1997, at 4–6; and

3) "Mr. Richards obviously contemplated that, when a distribution was made pursuant to an exercise of the power he had created, the distributees would be in existence to receive that distribution. Since the distribution would not take place until the death of his last surviving child ..., he obviously contemplated an exercise of the power in favor of a perpetual distributee, such as an individual and his or her issue or a charity. Neither a child's estate nor a creditor of a child's estate was of such a duration so as to be reasonably intended to be a beneficiary of an exercise of a power," Plfs' Br. filed Feb. 18, 1997, at 6.

The *Keeter* court's characterization of the tax dispute on review aptly describes that in the instant case: "[W]e find the government's claim here to be endowed with unusual pellucidity and the taxpayer's claim to be unusually factitious." 461 F.2d at 716.

■ Under Pennsylvania law

[f]or all practical purposes there may be said to be two marked differences in powers of appointment; they can be summarized as general and special powers. The general are those in which the donee of the power may appoint to any one, and the

special, in which the donee of the power is restricted to passing on the property to certain specified individuals or to a specific class of individuals.

Lyon v. Alexander, 304 Pa. 288, 156 A. 84, 85 (1931); see Estate of Stewart, 325 Pa.Super. 545, 473 A.2d 572, 573 (1984) ("A power is general if the donor of the power does not restrict the class of persons in whose favor it may be exercised...."). Mr. Richards' will did not contain any restrictions on decedent's power of appointment. Rather, the will provided that decedent could appoint "to such person or persons as my daughter, Lorraine R. Powers, may have directed or appointed by her last Will and Testament." While the will does not expressly restrict in favor of whom decedent could exercise her power, it does direct that the power of appointment must be exercised by decedent in her last Will and Testament. Regardless of that restriction, by its plain language, the power of appointment could be exercised in favor of decedent's estate, her creditors, or the creditors of her estate, and constituted a general power of appointment. See I.R.C. § 2041(b)(1); In re Jackson's Trust, 351 Pa. 89, 40 A.2d 393, 394 (1945); Lyon, 304 Pa. at 293, 156 A. at 86.

Plaintiffs erroneously contend that Pennsylvania law restricted decedent's power. Plaintiffs argue that "Pennsylvania law holds that such [to preclude exercising the power in favor of decedent or her creditors] was the testator's intent when the testator provided for a gift over to issue upon the donee's failure to exercise the power," Plfs' Br. filed Mar. 26, 1997, at 2–3, and cite In re Scott's Estate, 158 Pa.Super. 138, 44 A.2d 323 (1945), aff'd, 353 Pa. 575, 46 A.2d 174 (1946).

In re Scott's Estate involved a will bequeathing a testator's property to his wife and a third party, with the direction to pay the trust income to the wife during her life. Upon her death the wife could appoint such persons as she wished to receive the principal. If the wife failed to make such appointment, the will provided that the principal "gift over" to the testator's next of kin. Thus, the testator's next of kin held a contingent remainder interest in the trust until the life tenant exercised the power of appointment in her will. Prior to the wife's exercise

of her power of appointment by will, the wife appropriated the trust res during her lifetime. As such, the wife prematurely extinguished the contingent remaindermen's interest. The court "recognize[d] that a donee of a general power may appoint the trust property to her own estate or may deed it to a third party...." Id. 158 Pa.Super. at 139–41, 44 A.2d at 324. However, the court held that the wife, as a life tenant with a testamentary power of appointment, could not appropriate the res during her life, but by will only. Any other result would defeat the purpose of the power and render meaningless the setting up of such a power.

The instant case clearly is distinguishable from In re Scott's Estate. Decedent properly exercised her power of appointment. She did not terminate prematurely the contingent remainder interest created by Mr. Richards, but, rather, explicitly provided in her will that the res from Mr. Richards' trust could be incorporated into her own inter vivos trust. Once decedent exercised her power. the property covered thereby became an asset of the estate. See id. Thus, because decedent could exercise her power of appointment in favor of her estate, the assets subject to the power are includible in the gross estate tax. See I.R.C. § 2041(a)(2).

Pennsylvania courts have examined granting language similar to that in the case at bar and found that the power conveyed constituted a general power of appointment. See In re Jackson's Trust, 351 Pa. 89, 40 A.2d 393, 394 (1945); Lyon, 304 Pa. at 293, 156 A. at 86. For example, in In re Jackson's Trust, the grantor directed that trust income be paid to his wife for life, and "[u]pon her death the trustee was directed to distribute the principal to 'such person or persons, upon such terms. and for such estates as the Grantor might, by his Last Will and Testament, direct, limit, and appoint.'" 351 Pa. at 90, 40 A.2d at 394 (quoting irrevocable deed of trust). The Supreme Court of Pennsylvania examined this language and determined that "[t]he power with which we are concerned is a general one and the donee of a general power of appointment may release the same or extinguish it by deed." Id.

In this case Mr. Richards' will directed that decedent could appoint her portion of

the trust *res* "to such person or persons as my daughter, Lorraine R. Powers, may have directed or appointed by her last Will and Testament." Similar to the testator's wife in *In re Jackson's Trust*, decedent had unlimited discretion as to whom she should appoint to receive the property. *See Lyon*, 304 Pa. at 289–92, 156 A. at 85 (construing similar provision and describing general powers of appointment). Consequently, she could appoint "to any one in the world," even "to her own estate," and "no individual is wronged by what [she] may do, and therefore, no individual can complain." *Id.* 304 Pa. at 293, 156 A. at 86.

Lastly, plaintiffs argue that "since Mr. Richards could not have known who would be the last of his children to die, or when that event would occur, he could not have intended that any of his children, including [decedent], would have a power to appoint in favor of their own estate or the creditors of their estate." Plfs' Br. filed Feb. 18, 1997, at 4. As plaintiffs note, if the testator's intent "was unclear from the donor's will, the law impute[s] to the testator's words 'such a meaning as, under the circumstances, will conform to his probable intention and be most agreeable to reason and justice.'" *Id.* at 5 (quoting *In re Shipley's Estate*, 337 Pa. 580, 12 A.2d 347, 350 (1940)). The court is not "at liberty to disregard plain words and say they are meaningless, unless after a careful consideration of the entire instrument, it is not possible to give them any meaning.'" *Lyon*, 304 Pa. at 293, 156 A. at 86 (quoting *In re Mayer's Estate*, 289 Pa. 407, 137 A. 627, 628 (1927)). "No language of the will is to be ignored or treated as surplusage, unless no other conclusion is reasonably possible." *Id.* Having determined that Mr. Richards' will, by its plain language, created a general testamentary power of appointment. the court does not analyze Mr. Richards' hypothetical intentions advanced by plaintiffs as legal argument.

## CONCLUSION

Accordingly, based on the foregoing, plaintiffs' motion for summary judgment is denied, and defendant's cross-motion for summary judgment is granted. The Clerk of the Court shall enter judgment for defendant.